ADRMOP, CLOSED, E-Filing, RELATE, STAYED

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:05-cv-03271-MHP

Juan v. Intel Corporation
Assigned to: Hon. Marilyn H. Patel
Cause: 28:1332 Diversity-Non-Motor Vehicle

Date Filed: 08/10/2005
Jury Demand: Plaintiff
Nature of Suit: 410 Anti-Trust
Jurisdiction: Federal Question

**Plaintiff**

**Jose Juan**                                    represented by   **David Boies, III**
Straus & Boies, LLP
4041 University Drive
5th Floor
Fairfax, VA 22030
703-764-8700
Fax: 703-764-8704
Email: dboies@straus-boies.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Donald F. Drummond**
Drummond & Associates
One California Street, Suite 300
San Francisco, CA 94111
415-433-2261
Fax: 415-438-9819
Email: ballen@drummondlaw.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ian Otto**
Straus & Boies LLP
4041 University Drive
5th Floor
Fairfax, VA 22030
703-764-8700
Email: iotto@straus-boies.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy D. Battin**
Straus & Boies LLP
4041 University Dr.
5th Floor
Fairfax, VA 22030
703-764-8700

Email: tbattin@straus-boies.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Intel Corporation**                    represented by   **Christopher B. Hockett**
*a Delaware corporation*                                  Bingham McCutchen LLP
                                                          Three Embarcadero Center
                                                          San Francisco, CA 94111-4067
                                                          415-393-2000
                                                          Fax: 415-393-2286
                                                          Email: chris.hockett@bingham.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Joy K. Fuyuno**
                                                          Bingham McCutchen LLP
                                                          Three Embarcadero Center
                                                          San Francisco, CA 94111-4067
                                                          415-393-2000
                                                          Fax: 415-393-2286
                                                          Email: joy.fuyuno@bingham.com
                                                          *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/10/2005 | 1 | ANTI TRUST COMPLAINT: 28: USC 1332(D) UNREASONABLE RESTRAINT, ANTI-COMPETITIVE ACTIONS against defendant Intel Corporation ( Filing fee $ 250, receipt number 3375365.). Filed by petitioner Jose Juan. Jury Demand, Summons Issued. (db, COURT STAFF) (Filed on 8/10/2005) Additional attachment(s) added on 8/24/2005 (tn, COURT STAFF). (Entered: 08/12/2005) |
| 08/10/2005 |  | CASE DESIGNATED for Electronic Filing. (db, COURT STAFF) (Filed on 8/10/2005) (Entered: 08/12/2005) |
| 08/10/2005 | 2 | ADR SCHEDULING ORDER: Case Management Statement due by 12/7/2005. Case Management Conference set for 12/14/2005 01:30 PM.. Signed by Judge Chen on 8/10/05. (db, COURT STAFF) (Filed on 8/10/2005) Additional attachment(s) added on 8/12/2005 (tn, COURT STAFF). Additional attachment(s) added on 8/12/2005 (tn, COURT STAFF). (Entered: 08/12/2005) |
| 09/12/2005 | 3 | STIPULATION *AND [PROPOSED] ORDER TO EXTEND TIME FOR DEFENDANT TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT* by Intel Corporation. (Hockett, Christopher) (Filed on 9/12/2005) (Entered: 09/12/2005) |

| 09/12/2005 | 4 | Statement of Facts *DEFENDANT'S FEDERAL RULES OF CIVIL PROCEDURE 7.1 AND CIVIL LOCAL RULE 3-16 DISCLOSURE STATEMENTS* filed byIntel Corporation. (Hockett, Christopher) (Filed on 9/12/2005) (Entered: 09/12/2005) |
|---|---|---|
| 09/14/2005 | 5 | ORDER EXTENDING TIME TO ANSWER COMPLAINT. Signed by Judge Edward M. Chen on 9/14/05. (bpf, COURT STAFF) (Filed on 9/14/2005) (Entered: 09/14/2005) |
| 09/29/2005 | 6 | ORDER RELATING C 05-3271 EMC, C 05-3272 JL, C 05-3273 EMC, AND C 05-3277 EDL to C 05-2669 MHP; Case reassigned to Judge Marilyn H. Patel for all further proceedings; Signed by Judge Marilyn Hall Patel on 9/26/2005. (awb, COURT-STAFF) (Filed on 9/29/2005) (Entered: 09/29/2005) |
| 10/03/2005 | 7 | First MOTION for Extension of Time to File Answer re 1 Complaint, filed by Intel Corporation. (Hockett, Christopher) (Filed on 10/3/2005) (Entered: 10/03/2005) |
| 10/03/2005 | 8 | Declaration of Richard A. Ripley in Support of 7 First MOTION for Extension of Time to File Answer re 1 Complaint, filed byIntel Corporation. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C) (Related document(s)7) (Hockett, Christopher) (Filed on 10/3/2005) (Entered: 10/03/2005) |
| 10/03/2005 | 9 | Proposed Order re 7 First MOTION for Extension of Time to File Answer re 1 Complaint, by Intel Corporation. (Hockett, Christopher) (Filed on 10/3/2005) (Entered: 10/03/2005) |
| 10/05/2005 | 10 | ORDER by Judge Marilyn Hall Patel granting 7 defendant's Motion for Extension of Time to Answer re 7 1 Complaint, (awb, COURT-STAFF) (Filed on 10/5/2005) (Entered: 10/05/2005) |
| 11/01/2005 | 11 | STIPULATION *AND [PROPOSED] ORDER TO STAY DATES, EVENTS AND DEADLINES PENDING THE OUTCOME OF THE MOTION TO TRANSFER AND COORDINATE OR CONSOLIDATE PURSUANT TO 28 U.S.C. SECTION 1407* by Intel Corporation. (Fuyuno, Joy) (Filed on 11/1/2005) (Entered: 11/01/2005) |
| 11/08/2005 | 12 | STIPULATION AND ORDER STAYING CASE pending MDL determination; Signed by Judge Marilyn Hall Patel on 11/7/2005. (awb, COURT-STAFF) (Filed on 11/8/2005) (Entered: 11/08/2005) |
| 11/17/2005 | 13 | Letter from Joy K. Fuyuno re MDL Transfer Order of November 8, 2005. (Attachments: # 1 MDL Transfer Order)(Fuyuno, Joy) (Filed on 11/17/2005) (Entered: 11/17/2005) |
| 01/05/2006 | 14 | ORDER STATISTICALLY DISMISSING CASE pending MDL determination; Signed by Judge Marilyn Hall Patel on 1/5/2006. (awb, COURT-STAFF) (Filed on 1/5/2006) (Entered: 01/05/2006) |
| 01/10/2006 | 15 | ORDER of Transfer by the Judicial Panel on Multidistrict Litigation to transfer case to USDC for the District of Delaware (In Re Intel Corporation, Inc., Antitrust Litigation - MDL - 1717). (gba, COURT |

| | | STAFF) (Filed on 1/10/2006) (Entered: 01/11/2006) |
|---|---|---|
| 01/11/2006 | 16 | Certified copy of transfer order, docket sheet along with the original case file sent to USDC for the District of Delaware (MDL - 1717). (gba, COURT STAFF) (Filed on 1/11/2006) (Entered: 01/11/2006) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 01/18/2006 09:18:12 | | | |
| **PACER Login:** | ud0037 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:05-cv-03271-MHP |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

1  Straus & Boies, LLP
   David Boies, III
2  Timothy D. Battin
   Ian Otto
3  4041 University Drive
   Fairfax, VA 22030
4  Telephone: (703) 764-8700
   Facsimile: (703) 764-8704
5  tbattin@straus-boies.com

6  Donald F. Drummond (No. 052986)
   DRUMMOND & ASSOCIATES
7  One California Street, Suite 300
   San Francisco, CA 94111
8  Telephone:  (415) 433-2261
   Facsimile:  (415) 438-9819

9
   [other co-counsel appear at the end of document]
10
   Attorneys for Plaintiff Jose Juan, on behalf of himself
11  and all others similarly situated

12

13              IN THE UNITED STATES DISTRICT COURT

14         FOR THE NORTHERN DISTRICT OF CALIFORNIA

15  JOSE JUAN, on behalf of himself and all        )  Case No. C 05 3271
    others similarly situated,                     )
16                                                  )  COMPLAINT
                   Plaintiff,                       )
17                                                  )  CLASS ACTION
          v.                                        )
18                                                  )
    INTEL CORPORATION, a Delaware                   )
19  corporation,                                    )
                                                    )
20                 Defendant.                       )
                                                    )
21  _____

22         Plaintiff Jose Juan ("Plaintiff"), though his attorneys, on behalf of himself and all others

23  similarly situated in the State of New York, brings this action against Intel Corporation and its

24  subsidiaries, including Intel Kabushiki Kaisha (collectively, "Intel")  for damages and demands

25  trial by jury, complaining and alleging upon information and belief as follows:

26                              NATURE OF THE ACTION

27         1.      This case involves a scheme by Intel to illegally stifle and destroy

28  competition in order to maintain and extend its effective monopoly over microprocessors that run

DRUMMOND & ASSOCIATES
One California Street
Suite 300
San Francisco, CA 94111
(415) 433-2261

1

1   the Microsoft Windows and Linux operating systems (the "x86 Microprocessor Market"),

2   leading to higher prices and less choice for consumers.  Intel, by using devices that create

3   essentially impenetrable barriers to competition such as:  (a) payments in return for exclusivity;

4   (b) discriminatory rebates, (c) discounts and subsidies conditioned on exclusive dealing

5   arrangements: (d) threats of economic retaliation against those who do business with anyone

6   other than Intel, or who cooperate with anyone other than Intel in the promotion of  processors;

7   and/or (e) misuse of industry standards, has stifled competition and illegally leveraged its market

8   power to the detriment of consumers in New York and nationwide.

9          2.      Intel dominates the x86 microprocessor market.   Intel sells approximately

10  80% of the microprocessors units sold worldwide, capturing 90% of the world revenue from

11  microprocessor sales.  For over a decade Intel has unlawfully maintained its monopoly by

12  engaging in a relentless, worldwide campaign to coerce customers to refrain from dealing with

13  anyone other than Intel – a campaign that has resulted in consumers of products containing

14  microprocessors (the heart of the computer) paying higher prices for x86 microprocessors and the

15  equipment of which they are a part than they would have paid had Intel not illegally sabotaged

16  competition in the relevant market.  In its efforts to illegally stifle competition in the

17  microprocessor market,  Intel has, inter alia:

18          A.      forced equipment manufacturers and other customers into

19  exclusive or near-exclusive deals;

20          B.      conditioned rebates, allowances and market development funding

21  on customers' agreement to limit it's purchases from  competitors;

22          C.      established a system of discriminatory, retroactive, first-dollar

23  rebates that are available only when purchasers buy essentially all or all of their processors from

24  Intel;

25          D.      threatened retaliation against customers that introduce computer

26  platforms based on products other than Intel's, particularly where those platforms would be sold

27  in what Intel considers to be important market segments.

28          E.      established and enforced quotas among key retailers effectively

DRUMMOND & ASSOCIATES
One California Street
Suite 300
San Francisco, CA 94111
(415) 433-2261

COMPLAINT – CLASS ACTION [Case No. 977325]

1   requiring them to stock almost exclusively Intel-powered computers, thereby artificially limiting

2   consumer choice;

3                  F.      forced personal computer ("PC") makers and technology partners

4   to boycott competitive product launches and promotions; and

5                  G.      abused its market power by forcing on the industry technical

6   standards and products that are designed to handicap competitors in the marketplace without

7   providing offsetting benefits to consumers.

8           3.      Intel's economic coercion extends to all levels of the computer industry –

9   from large computer-makers like Hewlett-Packard and IBM to small system-builders to

10  wholesale distributors to retailers such as Circuit City. All must either accept conditions that

11  exclude Intel's competitors or suffer discriminatory pricing and competitively crippling

12  treatment. In this way, Intel has avoided competition on the merits, depriving competitors of the

13  opportunity to compete against Intel based price and quality and depriving consumers throughout

14  the United States, including New York, of the quality and price benefits of a competitive market

15  in microprocessors.

16          4.      Intel's conduct has caused computer manufacturers to continue to buy

17  most of their requirements from Intel, continue to pay monopoly prices, continue to be exposed

18  to Intel's economic coercion, and continue to submit to artificial limits Intel places on their

19  purchase from companies attempting to compete with Intel. With the opportunity for Intel's

20  competitors to compete thus constrained, the cycle continues, and Intel's monopoly profits

21  continue to flow.

22          5.      New York purchasers of computers and equipment with Intel x86

23  microprocessors, such as Plaintiff, as with consumers in every state, ultimately pay the price, in

24  the form of inflated PC prices and the loss of freedom to purchase computer products that best fit

25  their needs and budget. Consumers and the rest of society are worse off because in stifling

26  competition, Intel stifles the innovation provided by parties competing in a competitive market.

27          6.      The Japanese Government recognized these competitive harms when on

28  March 8, 2005, its Fair Trade Commission (the "JFTC") recommended that Intel be sanctioned

DRUMMOND & ASSOCIATES
One California Street
Suite 300
San Francisco, CA 94111
(415) 433-2261

3

COMPLAINT – CLASS ACTION [Case No. 977325]

for its exclusionary misconducts directed at Advanced Micro Devices ("AMD"). Intel chose not to contest the charges. The European Commission has also recently stepped up its investigation of Intel's marketing practices.

## JURISTICTION AND VENUE

7.     The court has jurisdiction pursuant to 28 U.S.C. § 1332(d), in that this is a class action in which the matter or controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and in which some members of the proposed class(es) are citizens of a state different from Intel.

8.     Venue is proper pursuant to 28 U.S.C. § 1391(a) because Intel resides and is subject to personal jurisdiction in this District and because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

9.     Jose Juan is a resident of the State of New York. Plaintiff has purchased products containing a x86 microprocessor (Pentium 4) supplied by Intel within the last 4 years.

10.     Defendant Intel Corporation is a Delaware corporation with its principle executive offices at Santa Clara, California, and it conducts business both directly and through wholly-owned and dominated subsidiaries worldwide and is registered to do business in this state. Intel and its subsidiaries design, produce, and sell a wide variety of microprocessors, flash memory devices, chipsets, memory, motherboards and silicon-based products for use in the computer and communications industries worldwide.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action under Federal Rule of Civil Procedure 23 (b) (3) on its own behalf and on behalf of the following Class:

12.     The Class is defined as:

All persons or entities present in New York who indirectly purchased Intel x86 Microprocessors or products containing Intel x86 Microprocessors manufactured by Defendant from at least June 21, 2001 to the present. The Class of indirect purchasers of these products includes consumers and businesses that have purchased Intel x86 Microprocessors and/or products containing Intel x86 Microprocessors. Excluded from the class are all governmental entities, Defendant and its subsidiaries and affiliates as well as its co-conspirators. The

DRUMMOND & ASSOCIATES
One California Street
Suite 300
San Francisco, CA 94111
(415) 433-2261

4

COMPLAINT – CLASS ACTION [Case No. 977325]

Class further excludes the judge presiding over this matter and the judge's immediate family and staff.

13.     Although the exact size of the Class is unknown, the total number of class members is in the hundreds of thousands, as all New York consumers who have purchased computers containing Intel x86 microprocessors are in the Class. Based upon the nature of the trade and commerce involved, the total number of Class members is such that joinder of the claims of all Class members would be impracticable.

14.     Plaintiff's claims are typical of the claims of the Class in that Plaintiff purchased a computer containing an Intel chip that is the subject of Intel's illegal attempts to constrain trade in microprocessors.

15.     The following common questions of law or fact, among others, exist as to the members of the Class:

A.     Whether Intel engaged in anticompetitive conduct that renders it liable to the Class under New York consumer protection and antitrust laws;

B.     Whether Intel has a dominant share of the relevant product and geographic markets;

C.     Whether Intel possessed monopoly power in the relevant market;

D.     Whether there are substantial barriers to entry to the relevant product market;

E.     Whether Intel has created artificial barriers to entry into the product market;

F.     Whether Intel acquired or maintained power within the relevant market through anticompetitive activity;

G.     The appropriate measure of the amount of damages suffered by the Class;

H.     The appropriate nature of the Class-wide relief;

I.     Whether Intel has created substantial barriers to competition in the x86 Microprocessor Market; and

DRUMMOND & ASSOCIATES
One California Street
Suite 300
San Francisco, CA 94111
(415) 433-2261

5

COMPLAINT – CLASS ACTION [Case No. 977325]

1               J.       Whether there are any substitutes for x86 Microprocessors

2 reasonably available.

3            16.      These and other questions of law or fact which are common to the

4 members of the Class predominate over any questions affecting only individual members of the

5 Class.

6            17.      After determination of the predominate and common issues identified

7 above, if necessary or appropriate, the Class can be divided into logical and manageable

8 subclasses.

9            18.      Plaintiff will fairly and adequately protect the interests of the Class in that

10 Plaintiff has no relevant interests that are antagonistic to other members of the Class and has

11 retained counsel competent and experienced in the prosecution of Class actions and antirust

12 litigation to represent himself and the Class.

13            19.      A class action is superior to other available methods for the fair and

14 efficient adjudication of this litigation since individual joinder of all damaged Class members is

15 impractical. The damages suffered by individual Class members are relatively small, given the

16 expense and burden if individual prosecution of the claims asserted in this litigation. Thus,

17 absent the availability of class action procedures, it would not be feasible for Class members to

18 redress the wrongs done to them. Even if the Class members could afford individual litigation,

19 the court system could not. Further, individual litigation presents the potential for inconsistent or

20 contradictory judgments and would greatly magnify the delay and expense to all parties and to

21 the court system. Therefore, the class action device presents far fewer case management

22 difficulties and will provide the benefits of unitary adjudication, economy of scale and

23 comprehensive supervision by a single court.

24            20.      Intel has acted and refused to act, on grounds generally applicable to the

25 Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

26            21.      In the absence of a class action, Intel would be unjustly enriched because

27 they would be able to treating the benefits and fruits of the wrongful conduct.

28

DRUMMOND & ASSOCIATES
One California Street
Suite 300
San Francisco, CA 94111
(415) 433-2261

6

COMPLAINT – CLASS ACTION [Case No. 977325]

## INTEL'S MONOPOLY POWER IN THE REVEVANT MARKET
## THE RELEVANT PRODUCT MARKET

22.     The relevant product market is the x86 Microprocessor Market.  A microprocessor is an integrated circuit that contains the entire central processing unit of a computer on a single chip.

23.     Although other microprocessors are offered for sale, the non-x86 microprocessors are not reasonably interchangeable with x86 microprocessors because none can run the x86 Windows or Linux operating systems or the application software written for them.

24.     A putative monopolist in this market can raise the prices of x86 microprocessors above a competitive level without losing so many customers to other microprocessors as to make this increase unprofitable.  While existing end-users can theoretically shift to other operations system platforms, the costs associated with replacing existing hardware and software make this impractical.  Further, the number of new, first-time users who could choose a different operating-system platform is too small to prevent an x86 microprocessor monopolist from imposing a meaningful price increase for a non-transitory period of time.  Computer manufacturers would also encounter tremendous costs in switching from x86 processors to other architectures, and no major computer maker has ever done it.  In short, demand is not cross-elastic between x86 microprocessors and other microprocessors at the competitive level.

## THE RELEVANT GEOGRAPHIC MARKET

25.     The relevant geographic market for x86 microprocessors is worldwide.  A relevant geographic submarket is the United States.  PC platform architecture is the same from country to country; microprocessors can easily and inexpensively shipped around the world, and frequently are; and the potential for arbitrage prevents chipmakers from pricing processors differently in one country than another.  Further, the nature of the product and the market – as well as Intel's actions in seeking to corner the market to the greatest degree possible, means that consumers in New York and other states are the real targets of the Defendant's actions and bear much of the burden of Intel's anticompetitive activities, even though its effects and the nature of

DRUMMOND & ASSOCIATES
One California Street
Suite 300
San Francisco, CA 94111
(415) 433-2261

7

COMPLAINT – CLASS ACTION [Case No. 977325]

its scheme are hidden from them in the whole prices they pay for the product and in the structure

of Intel's system of rebating and engaging in cooperative advertising.

## INTEL'S MONOPOLY POWER IN THE RELEVANT MARKET

26.     Intel dominates the worldwide x86 Microprocessor Market.  According to industry reports, over the past several years it has consistently achieved more than a 90% market share as measured by revenue.   Intel has captured at least 80% of x86 microprocessor unit sales in seven of the past eight years.

27.     The only party with more than a de minimus market share in the relevant market is AMD.   AMD has consistently garnered about  9 of the revenue in the x86 market while its worldwide volume share has stayed at about 15 percent.  Another competitor, National Semiconductor, acquired Cyrix in 1997 and exited the market in 1998.  At the beginning of this year only two other x86 chip makers remained – Via  Technologies, Inc. ("Via") and Transmeta Corporation ("Transmetta").  Transmetta has announced its intention to stop selling x86 microprocessors, and Via faces dim prospects of growing its market share to a sustaining level in light of Intel's anticompetitive activity.

28.     Intel is shielded from new competition by huge barriers to entry.  A chip fabrication plant capable of efficiently mass-producing x86 microprocessors costs at least $2.5 to $3.0 billion.  In addition, any new entrant would need the financial wherewithal to underwrite the billions more in research and development costs to design a competing x86 microprocessor and to overcome almost insurmountable intellectual property barriers.

29.     Annual worldwide consumption of x86 microprocessors currently stands at just over 200 million units per year and is expected to grow by 50% over the balance of the decade.  Most x86 microprocessors are used in desktop PCs and mobile PCs, with desktops currently outnumbering mobile by a margin of three to one.  Of the total worldwide production of computers powered by x86 microprocessors, 32% are sold to U.S. consumers.

30.     The majority of x86 microprocessors are sold to a handful of large original equipment manufacturers ("OEM"), highly visible companies recognized throughout the world as the leading computer makers.  The top nine OEM are regarded by the industry as "Tier One"

DRUMMOND & ASSOCIATES
One California Street
Suite 300
San Francisco, CA 94111
(415) 433-2261

8

COMPLAINT – CLASS ACTION [Case No. 977325]

1  OEMs, which collectively account for almost 80% of servers and workstations (specialty high-

2  powered desktops), the Tier One OEMs are: Hewlett-Packard ("HP"), which now also owns

3  Compaq Computer ("Compaq"); Dell, Inc. ("Dell"); IBM, which as of May 1, 2005, sold its PC

4  (but not server) business to Lenovo, a P.C. maker based in Bejing, New York and North

5  Carolina; Gateway/eMachines; and Fujitsu/Fujitsu Siemens ("Fujitus"), the latter a Europe-based

6  joint venture. Toshiba, Acer, NEC and Sony are commonly viewed as Tier One OEMs in the

7  notebook segment of the PC Market. HP and Dell are the dominant players in the worldwide

8  desktop and mobile sales, collectively accounting for over 30% of those markets, and almost

9  60% of worldwide server sales. Both are U.S.-based companies, as is Gateway and Gateway /

10  eMachines; and all but Gateway have U.S. manufacturing operations (as does Sony, which

11  operates a North American production facility in San Diego).

12         31.    The balance of x86 production is sold to smaller system builders and to

13  independent distributors. The latter, in turn, sell to smaller OEMs, regional computer

14  assemblers, value-added resellers and other distributors.

15         32.    OEMs sell their computers through a variety of distribution channels

16  including sales directly to customers through web-based e-commerce, sales though company-

17  employed sales force and sales through a network of independent distributors (who focus on

18  smaller business customers). With the exception of Dell, which markets directly to consumers,

19  most OEMs also sell through retail chains. Intel and its customers compete not only to have

20  OEMs incorporate their microprocessors into their PCs but also to convince retailers to allocate

21  shelf-space, so that the PCs containing their respective microprocessors can be purchased in the

22  retailers' store.

23                      **INTEL'S ANTICOMPETITIVE PRACTICES**

24         33.    When IBM defined the original PC standards in the early 1980's, it had

25  available a variety of microprocessors each with its own instruction set – among these were

26  microprocessors developed by Motorola, Zilog, National Semiconductor, Fairchild, Intel and

27  AMD. IBM selected the Intel architecture, which utilized what became known as the x86

28  instruction set (after Intel's naming convention for its processors, i.e. 8086, 80186, 80286,

DRUMMOND & ASSOCIATES
One California Street
Suite 300
San Francisco, CA 94111
(415) 433-2261

9

COMPLAINT – CLASS ACTION [Case No. 977325]

80386), and a compatible operating system offered by Microsoft, known as DOS. Unwilling to be consigned to a single supply source, IBM demanded that Intel contract with another integrated circuit company and license it to manufacture x86 chips. In 1982 to facilitate AMD's position as a second source for x86 chips, the companies entered into the AMD – Intel Technology Exchange Agreement (the "Agreement"). Intel soon thereafter set out to sabotage the agreement.

34.     In 1984, Intel decided it would become the sole-source for the promising 80386 chip. To fully realize its objective, Intel engaged in an elaborate and insidious scheme to mislead AMD (and the public) into erroneously believing that AMD would be a second source for supplying IBM with chips – at the time essentially the market, thereby keeping the appearance of an alliance between AMD and Intel and keeping a veneer of competition for years.

## AMD THREATENS INTEL'S MONOPLY

35.     Intel's conduct gave it a significant head start over its competitors in the x86 microprocessor market. In 1999 AMD introduced the Athlon microprocessor, it marked the first (but not the last) time Intel was technologically surpassed, and beat it to market with a new generation Windows microprocessor. AMD's Athlon chip was the first to break the 1GHz speed barrier and outperformed Intel's Pentium III chips in tests.

36.     In April of 2003, AMD introduced its Opteron microprocessor, the world's first 64-bit x86 microprocessor for servers. Six months later, AMD launched the Athlon64, 64-bit x86 microprocessor for desktops and mobile computers. AMD's new microprocessors were backward compatible, meaning they could accommodate 32-bit software as well as 64-bit programs.

37.     Even though competitors were producing better microprocessors, at lower prices, Intel has maintained its x86 microprocessor monopoly by deploying a host of financial and other anticompetitive business strategies than in effect limit its customers' ability to deal with competitors. Intel continues to dominate the x86 microprocessor market through the use of anticompetitive practices including (i) direct payments in return for exclusivity and near-

DRUMMOND & ASSOCIATES
One California Street
Suite 300
San Francisco, CA 94111
(415) 433-2261

10

COMPLAINT – CLASS ACTION [Case No. 977325]

1   exclusivity; (ii) discriminatory rebates, discounts and subsidies conditioned on customer

2   "loyalty" that have the practical and intended effect of creating exclusive or near-excludes

3   dealing arrangements; (iii) threats of economic retaliations against those who refuse to limit their

4   business with competitors to Intel-approved models, brands, lines and/or sectors, or would

5   cooperate too closely with competitors and (iv) misuse of industry standards setting processes so

6   as to disadvantage competitors in the market place. As a result of these anticompetitive

7   practices, consumers pay inflated prices of x86 microprocessors and equipment contain them,

8   and have fewer competition choices for such microprocessors.

9           38.     Intel's anticompetitive misconduct is global. It has targeted both U.S. and

10  foreign customers at all levels to prevent competitors from gaining market share, with the goal of

11  keeping competitors small and keeping Intel's customers dependent on Intel. In this way, OEMs

12  remain vulnerable to continual threats of Intel retaliation, Intel's potential competitors remain

13  capacity-constrained, the OEMs remain Intel-dependent, and Intel thereby perpetuates its

14  economic hold over OEMs, allowing Intel to continue to demand that its customers curtail their

15  dealings with Intel's potential competitors. And the cycle repeats itself: by unlawfully

16  exploiting its existing market share, Intel is impeding competitive growth of its competitors, to

17  the harm of potential customers and consumers.

18                  **INTEL'S ANTICOMPETIVE PRACTICES**
                    **AIMED AT OEMS AND COMPETITORS DIRECTLY**

19

20          39.     Currently, most of the major OEMs must deal with Intel. First, the other

21  microprocessor manufacturers are too small to service all of an OEM's needs while continuing to

    satisfy their existing customers demand. Second, to meet customer expectations, OEMs must
22
    assure commercial computer buyers that specifications, including the microprocessor, will
23
    remain unchanged during the product's lifecycle.
24
            40.     Intel has induced OEMs to enter into exclusive and near-exclusive deals,
25
    thereby limiting its competitors' ability to gain incremental market share. In addition, Intel has
26
    engaged in activities which have limited competitors from the most profitable product lines or
27
    from channels of distribution. For example, Intel has largely foreclosed its competitors from the
28

DRUMMOND & ASSOCIATES
One California Street
Suite 300
San Francisco, CA 94111
(415) 433-2261

11                                                              COMPLAINT – CLASS ACTION [Case No. 977325]

1    lucrative commercial desktop sector.

2          41.     An April 5, 1999 article in *PC Week* describes the coercive effect of one

3    such form of payment, the "Intel Inside" program:

4          The wildly successful program, which began broadly in 1994 as a way to create
           brand equity for the Pentium processor, has evolved into Intel's premier marketing
5          vehicle, managed by an army of attorneys, accountants and administrators. Intel
           (Nasdaq: INTC) has deftly used the program to keep competitors at bay in the
6          most profitable segment of its business: corporate PCs. That, in turn, has left
           corporate buyers with fewer options—and higher prices—when choosing business
7          desktops, notebooks and PC servers. A look at the Intel Inside program
           requirements, which Intel keeps under tight wraps, shows how fully the chip
8          maker controls the marketing purse strings of PC makers that sign on. Interviews
           with numerous current and former executives at Intel's largest OEM customers –
9          all of whom declined to be identified, fearing reprisals from Intel – add fuel to the
           fire. These executives call the program addictive and claim their companies can't
10         compete without it…

11         The marketing dollars are enough of a carrot to make PC vendors sign off on
           Intel's restrictive program requirements. Before PC makers are eligible for
12         reimbursement, they must sign an OEM Trademark License Agreement that
           regulates everything from logo size and color to branding. The eligible systems
13         are added to a form called Attachment C, which Intel uses to keep track of
           qualifying Intel Inside products. OEMs must modify Attachment C every time
14         they introduce a new Intel-based system. Once a PC maker meets all Attachment
           C guidelines, Intel reimburses 6 percent of the total average selling price of each
15         vendor's worldwide microprocessor shipments. But Intel doesn't give the cash
           back to the PC makers to use as they wish; instead, it deposits the money into an
16         Intel-managed market development fund, or MDF, which the vendors must use to
           pay for print, Web, broadcast or radio advertising of their Intel-based systems. If
17         they don't use the funding within 12 months, they lose it…

18         If a vendor strays from Intel's guidelines – even for an infraction as minor as
           using the wrong size Intel logo on their packaging – Intel can freeze its eligible
19         marketing funds. Since the funds come from the PC companies' chip payments,
           many customers believe Intel artificially inflates processor pricing to cover the
20         costs. "They already have your extra money," said a veteran executive who
           retired last year from a top PC company. "They're charging you more money and
21         then giving it back to you so you can advertise their products."…

22         In addition to its impact on pricing, the Intel Inside program also affects PC
           makers' product decisions. Although the guidelines don't prohibit use of non-
23         Intel chips, they provide strong monetary disincentives to do so, several OEMs
           said. How strong? A licensee forfeits all MDF funding for a brand if it adds a
24         non-Intel chip to the line. If it wishes to use another vendor's processor, it must
           establish and entirely new brand or sub-brand for that chip to retain funding for
25         the existing brand. "There is no doubt that it's one of the major factors that
           influence [product] decisions," said a 20—year IBM PC executive who left the
26         company in 1997. The source spoke from experience. In 1995, he said, IBM built
           several prototypes of low-cost retail and small office PCs based on Cyrix
27         processors. But executives scrapped the plans, in part because they couldn't leave
           what the source described as a "substantial" amount of advertising money on the
28         table. The branding restrictions go a long way toward explaining why none of the

DRUMMOND & ASSOCIATES
One California Street
Suite 300
San Francisco, CA 94111
(415) 433-2261

COMPLAINT – CLASS ACTION [Case No. 977325]

top 10 PC makers uses non-Intel chips in its business desktop lines.

42.    Intel has imposed on OEMs a system of first-dollar rebates that have the effect of creating exclusive or near-exclusive dealing arrangements and artificially foreclosing competitors from any meaningful share of the market.  In order to qualify for a rebate on any of its purchases, an OEM must first achieve a target level of purchases set by Intel.  Only upon an OEM's reaching this target will Intel retroactively provide a rebate.  Intel intentionally sets a rebate trigger level of purchases it knows to constitute a substantial percentage of a customer's needs.

43.    By setting its rebate targets as a significant percentage of the customer's requirements, Intel's rebate schemes is discriminatory and market-foreclosing.  If a customer chooses to purchase any significant quantity of microprocessors from an Intel competitor, it will not qualify for its rebate, thus raising the price it will pay on all Intel microprocessors it buys.  By tailoring targets to each customer's size and anticipated volume, Intel locks up significant percentages of the market much more effectively and at a lesser cost to itself – but to a greater harm to its competitors and ultimately consumers – as compared to offering such rebates for comparable purchase levels to all customers on a nondiscriminatory basis.

44.    Intel's rebate and other business strategies effectively cap the volumes of competitor-powered products than an OEM can buy and sell.  The use of retroactive rebates forecloses the possibility of a competitor inducing the OEM to launch a non-Intel powered platform.  Since OEMs incur substantial expense in designing and engineering a new computer, and make the investment only if they foresee a substantial chance of selling a sufficient volume to recoup it.  Intel's business strategies effectively foreclose the possibility of significant competitor-powered products from being developed and sold.

45.    Intel also uses product bundling in an exclusionary manner.  For example, in bidding for a new OEM platform, Intel bundles microprocessors with free or heavily discounted chipsets or motherboards.  Because some of Intel's competitors do not sell chipsets or motherboards, this product bundling enables Intel to avoid competing directly on microprocessor price and quality by imposing disproportionate burdens on Intel's competitors that are wholly

DRUMMOND & ASSOCIATES
One California Street
Suite 300
San Francisco, CA 94111
(415) 433-2261

13

COMPLAINT – CLASS ACTION [Case No. 977325]

1    unrelated to microprocessor product quality and price.

2          46.     In April 2003, Intel also disrupted AMD's launch of its Opteron server

3    chip which was rolled out on April 22, 2003.  With few in attendance and little industry support,

4    the Opteron server chip floundered in the market.  A computer industry journal reported Intel's

5    fingerprints were all over the Opteron launch:  "They all [vendors] told me that prior to the

6    launch, they received a phone call from Intel.  Intel asked if they were going to the launch.  If

7    they replied yes, then Intel rep asked them if it was 'important to them to go', or 'if they really

8    wanted to go.'  Pressing the vendors, I got the same response, 'Intel is too smart to threaten us

9    directly, but it was quite clear from that phone call that we would be risking our various kickback

10   money if we went.'" (<http://theinquirer.net/?article=9139>.)

11         47.     Other companies that reported being intimidated from participating in the

12   Opteron launch were MSI, Atipa, Solectron and Fujitsu-Siemens.  Indeed, Intel representatives

13   told Fujitsu-Siemens' executives in the weeks preceding the Opteron launch that if they attended,

14   they would be the only Tier One OEM showing its support, because all of the other OEMs had

15   backed out.  With the exception of IBM, Intel was right.

16         48.     In March 2005, the Japan Fair Trade Commission ("JFTC") found that

17   Intel's wholly-owned Japanese subsidiary, Intel Kabushiki Kaisha ("IJKK"), had violated Section

18   3 of Japan's Antimonopoly Act, explaining as follows:

19       IJKK, since May 2002, has made the five major Japanese OEMs refrain from
         adopting competitors' CPUs for all of most of the PCs manufactured and sold by
20       them or all of the PCs that belong to specific groups of PCS referred to as 'series',
         by making commitments to provide the five OEMs with rebates and/or certain
21       funds referred to as 'MDF' (Market Development Fund) in order to maximize
         their MSS [the proportion of Intel microprocessors incorporated into an OEM's
22       computers], respectively, on condition that:
         (a)     the Japanese OEMs make MMS at 100% and refrain from adopting
23       competitors' CPUs
         (b)     the Japanese OEMs make MSS at 90%, and put the ratio of
24       competitors' CPUs in the volume of CPUs to be incorporated into the PCs
         manufactured and sold by them down to 10%; or
25       (c)     the Japanese OEMs refrain from adopting competitors' CPUs to be
         incorporated into PCs in more than one series with comparatively large
26       amounts of production volume to others.

27         49.     According to the JFTC findings: "the ratio of the sales volume by AMD

28   Japan and Transmeta USA among Total Domestic CPU Sales Volume decreased from

DRUMMOND & ASSOCIATES
One California Street
Suite 300
San Francisco, CA 94111
(415) 433-2261

14

COMPLAINT – CLASS ACTION [Case No. 977325]

approximately 24% in 2002 to approximately 11% in 2003. By means of such conducts, IJKK has substantially restrained the competition in the market of CPUs sold to the Japanese OEMs, by acting to exclude its competitors' business activities related to the sales of CPUs to the five OEMs." Intel has accepted the JFTC's recommendations and has chosen not to contest its conclusions.

## INTEL'S ANTICOMPETITIVE PRACTICES DIRECTED AT DISTRIBUTORS

50.    Intel employs tactics similar to those it practices on OEMs to prevent distributors from carrying competitive products. For example, it entered into an exclusive deal with Synnex, which is one of the largest microprocessor distributors in the Unties States. Given Intel's substantial market share, there is no pro-competitive justification for the arrangement.

51.    As with OEMs, Intel offers discounts and rebates to distributors on the condition that they no do business with competitors, either worldwide or in what Intel considers a strategic sub-market.

52.    Intel also offers an array of programs to distributors in exchange for their commitment to carry Intel microprocessors exclusively: marketing bonuses, increased rebates, credit programs for new customers (credits that can be used for all products from Intel and any other suppliers), payment for normal freight charges, and special inventory assistance such as credits to offset inventory costs.

53.    Intel also offers retroactive rebates triggered when a distributor reaches a prescribed buying quota. Like the rebates offered to OEMs, the intent is to inflict economic punishment on those who do too much business with Intel's competitors. But, unlike OEMs, distributors are unaware of the specific "goals" Intel has set for them or the precise consequence of failing to meet them – Intel does not share this information with distributors; they simply receive a check at the end of the quarter. As a result, if distributors purchase any substantial number of microprocessors from Intel's competitors, they put their Intel rebate money at risk.

## ANTICOMPETITIVE PRACTICES DIRECTED AT RETAILERS

54.    Approximately twenty percent of desktop and notebook computers are purchased at retail stores. A few of retailers dominate the U.S. PC market: Best Buy and Circuit

DRUMMOND & ASSOCIATES
One California Street
Suite 300
San Francisco, CA 94111
(415) 433-2261

15

COMPLAINT – CLASS ACTION [Case No. 977325]

1  City are the largest. Other significant, but smaller retailers are Walmart/Sam's Club, Staples,

2  Office Depot and Office Max.

3        55.    A chipmaker faces a two-step process to get its platform on retail shelves:

4  first, it must convince one of more OEMs to build machines using its microprocessors at a

5  suggested price point (called "getting on the roadmap"); and second, it must convince the retailer

6  to stock and devote shelf space to these machines. Shelf space comes at a premium. The major

7  retailers demand market development funds ("MDF") in exchange for shelve space. MDF can

8  consist of cooperative advertising support, but more frequently it comprises a marketing-related

9  opportunity that a chipmaker must buy for tens of thousands of dollars, for example, space in a

10 Sunday circular, an in-store display or an internet training opportunity with the chain's sales

11 staff.

12       56.    Intel's ability to pressure OEMs to produce a significant portion of their

13 product line with Intel microprocessor has naturally led to an overwhelming number of products

14 available at a retail level. Also, it has significantly greater financial resources with which to buy

15 retail shelf space for products containing Intel microprocessors. To leverage those advantages,

16 Intel has also made exclusive deals with many key retailers.

17       57.    To further limit competitors access to consumers, Intel instituted a rebate

18 program similar to what it foisted on OEMs, with a similar exclusionary effect. Under this

19 program, Intel provides full MDF payments to retailers, such as Best Buy and Circuit City, only

20 if they agree to limit to 20 % not just the shelf space devoted to competitor based products, but

21 also the share of revenues they generate from selling competing platforms. If a competitor's

22 share exceeds 20%, the offending retailer's marketing support from Intel is cut by 33% across all

23 Intel products.

24       58.    Intel's dealings with retailers are unlawfully exclusionary, have no pro-

25 competitive justification, and are intended to maintain its monopoly.

26       **INTEL'S STANDARD SETTING AND OTHER TECHNICAL ABUSES**

27       59.    Companies within the computer industry often agree to design certain

28 aspects of their products in accordance with industry standards to ensure broad compatibility.

DRUMMOND & ASSOCIATES
One California Street
Suite 300
San Francisco, CA 94111
(415) 433-2261

16

COMPLAINT – CLASS ACTION [Case No. 977325]

Indeed, standards are not only ubiquitous in the computer industry, they are essential. But when a company is unfairly excluded from the standards-setting process or is denied timely access to the standard, competition can be restrained in a way that reverberates throughout the entire market. Intel has employed, and continues to employ, a variety of tactics that have the purpose and effect of excluding and/or hampering competitors' full and active participation in the development of important industry standards. It has also worked to deny competitors timely access to such standards. Its efforts have hampered its competitors' ability to vigorously compete in the market.

60.    Although industry organizations responsible for establishing standards governing computer memory chips exist, such as the Joint Electronic Device Engineering Council ("JEDEC"), Intel has convened a secret committee that it dubbed the Advanced DRAM Technology ("ADT") Consortium to develop and promulgate competing memory standards.

61.    Arrangements such as this allow Intel to tighten its control over the industry by converting what the component manufacturers intend as a public standard into a proprietary one, and thereby guarantees itself an undeserved head-start and unfair competitive advantage.

62.    Even where it has been unable to exclude competitors from participating in the development of industry standards, Intel has attempted to drive the adoption of standards having no substantial consumer benefit and whose sole purpose was to competitively disadvantage competitors based on its highly integrated microprocessor architecture. For example, Intel proposed that JEDEC modify a proposed industry standard for dual inline memory modules, ("DIMMs") in a way that has no technical merit, but if adopted, would delay competitors' ability to enter and compete in the market.

63.    Intel has also designed and marketed microprocessor-related products with the goal of compromising performance for those who opt for competitors' products, even if it requires Intel to sacrifice its own product quality and integrity. For example, Intel has designed its compilers, which translate software programs into machine-readable language to degrade performance when a program is run on an AMD platform. When software programs created with

DRUMMOND & ASSOCIATES
One California Street
Suite 300
San Francisco, CA 94111
(415) 433-2261

17

COMPLAINT – CLASS ACTION [Case No. 977325]

1  Intel compilers detect an AMD microprocessor (i.e., when "CPUID," which identifies the

2  microprocessor is "Authentic AMD") they execute a code path that disrupts the program and can

3  cause the program to crash.

4         64.    Intel has not been content with simply locking up the microprocessor

5  market; through the use of their monopoly power in the microprocessor market they are seeking

6  to expand into chipsets, memory, and motherboard markets.

7         65.    In April 2002, Intel and Intergraph Corporation ("Intergraph")[1] entered

8  into a settlement agreement to end litigation filed by Intergraph in the United States District

9  Court for the Northern District of Alabama.  In that suit, Intergraph alleged that Intel had engaged

10 in anticompetitive behavior and infringed on Intergraph's patents.  Specifically, Intergraph alleged

11 that Intel used its dominant market positions in the microprocessor market to coerce Intergraph

12 into giving up valuable patent rights. According to the Intergraph complaint, Intel again

13 employed its familiar coercive tactics: withholding essential design and defect information for

14 released Intel products and intentionally interfered with Intergraph's customers and suppliers.

15        66.    In the settlement agreement with Intergraph, Intel paid $300,000,000.00

16 for a license under the Intergraph Patents.  The license granted to Intel under the settlement

17 agreement expressly excludes a license to Intel's customers to combine licensed Intel products

18 with other third party chipsets or memory.  Thus a purchaser who purchases only a

19 microprocessor from Intel without a license to combine that microprocessor with a chipsets and

20 memory must either negotiate a license with Intergraph or infringe the Intergraph patent and run

21 the risk of a patent infringement lawsuit.  The end result would be that the only way to avoid the

22 patent issues would be to purchase not only the microprocessor, but also the chipsets, memory,

23 and motherboard from Intel.

24        67.    The settlement agreement also granted a license to Intel's customers which

25 use an Intel motherboard, so long as that motherboard contains exclusively Intel processing

26 elements.

27

---

28 [1] Intergraph is the world's largest company dedicated to supplying interactive computer graphics systems. Intergraph also makes and markets workstations for the engineering field.

DRUMMOND & ASSOCIATES
One California Street
Suite 300
San Francisco, CA 94111
(415) 433-2261

18

COMPLAINT – CLASS ACTION [Case No. 977325]

68.     As a result, a purchaser of Intel's microprocessor can either (1) purchase the rest of its chipsets, motherboard, and memory from Intel, or (2) purchase a third party chipsets, motherboard, and memory and face the possibility of a patent infringement lawsuit from Intergraph, if they fail to enter into a license agreement with Intergraph.

69.     The above described settlement agreement allows Intel to effectively force its customers, using its market power in the microprocessor market and under threat of suit from Intergraph, to purchase not only Intel microprocessors, but also Intel chipsets, memory, and motherboards.

## EFFECTS OF INTEL'S MISCONDUCT

70.     Were it not for Intel's acts, Intel's competitors would be able to compete for microprocessor market on competitive merit, bringing customers and end-product consumers such as plaintiff, lower prices, enhanced innovation and greater freedom of choice.

71.     Intel's anticompetitive acts both inside and outside of the territorial boundaries of the United States have a direct, substantial, and reasonable foreseeable effect on trade and commerce and consumers, like Plaintiff, located in the state of New York, as well as consumers in other states.

72.     Intel's actions are also effectively hidden from those who are ultimately affected most its actions: consumers.  Intel's rebate programs and the exclusivity of those rebate programs are not publicly disclosed, nor are their effects – which together with their other exclusionary practices, show up only in the predominance of Intel products in consumer computer products.  As noted earlier, Intel relies on the uncertainty and fear created by its lack of disclosure as to some of its rebate and incentive programs to create an interrorem effect among distributors.  Further, even at the retail level, Intel's incentives, exclusive dealings, are, upon information and  belief, largely kept from the public for fear that they would hurt Intel's image with consumers and the ability to generate public good will in light of an image of buying off retailers and distributors to avoid competition.

## IMPERMISSIBLE MARKET EFFECTS UNDER

73.     The contract, combination, and conspiracy alleged herein had the

DRUMMOND & ASSOCIATES
One California Street
Suite 300
San Francisco, CA 94111
(415) 433-2261

COMPLAINT – CLASS ACTION [Case No. 977325]

following effects, among others:

        A.     Competition between and among Defendant and their competitors in the sale of x86 microprocessors was unreasonably restrained;

        B.     Indirect purchasers of x86 microprocessors were deprived of the benefits of free and open competition; and

        C.     Prices paid by Plaintiff and other Class Members for x86 microprocessors were fixed, raised, maintained, and stabilized at artificially high and noncompetitive levels.

74.    As a result, Plaintiff and members of the Class have been injured in their business and property in that they paid more for products containing x86 microprocessors than they otherwise would have paid in the absence of Defendant's unlawful anticompetitive practices.

## COUNT I

## VIOLATION OF NEW YORK'S CONSUMER PROTECTION LAWS

75.    Plaintiff incorporates herein by reference the allegations contained in paragraphs 1-76 above.

76.    Beginning at least as early as July 11, 2001, and continuing to the present, Defendant's illegal, anticompetitive and deceptive actions as described in this Complaint constitute practices prohibited by New York General Business Law, section 349.

77.    During the Class Period, Defendant directly or indirectly, and through affiliates they controlled, acted to illegally and deceptively to constrain and monopolize the market for x86 Microprocessor chips to be marketed and sold to consumers as part of products sold and distributed in New York.  These actions, designed to prevent consumers from having a choice and the benefits of competition and to hide the actions behind rebates and cooperative marketing programs, the full details of which were not fully disclosed even to the participants, restrained trade or commerce in New York, and was designed to have, and did have, a substantial and adverse impact on choice, prices and quality of x86 Microprocessors delivered and marketed to consumers in New York.

DRUMMOND & ASSOCIATES
One California Street
Suite 300
San Francisco, CA 94111
(415) 433-2261

20

COMPLAINT – CLASS ACTION [Case No. 977325]

78. Intel's unlawful actions in attempting to stifle competition and reduce consumer choice in the microprocessor market have caused, and continue to cause, substantial injury and damage to Plaintiff, the Class, consumer of computer products containing x86 Microprocessors in New York and the public.

79. Pursuant to Gen. Bus. Law § 349(h), Plaintiff and members of the Class demand actual damages from Defendant for monies illegally acquired by them as a result of the unlawful conduct alleged herein. Plaintiff hereby waives any discretionary damages, above and beyond actual damages, that may be awarded by the court under General Business Law § 349, including but not limited to an increase in the award of damages to three times actual damages up to one thousand dollars.

**COUNT II**

**UNJUST ENRICHMENT**

80. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1-81 above.

81. Defendant benefited from its unlawful acts through the overpayment for x86 Microprocessors by plaintiff and the Class. It would be inequitable for defendant to be permitted to retain the benefit of these overpayments, which were conferred by plaintiff and the Class and retained by Defendant.

82. Plaintiff and the Class are entitled to have Intel's excess and unjustly obtained profits properly allocable to New York consumers disgorged by Intel and paid to the Plaintiff and the Class as damages or restitution.

**JURY TRIAL**

Plaintiff requests a trial by jury on all issues so triable.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for judgment against Defendant and respectfully requests the Court:

1. Certify this action to proceed as a class action pursuant to Rule 23, and direct that reasonable notice be given to members of the Class;

DRUMMOND & ASSOCIATES
One California Street
Suite 300
San Francisco, CA 94111
(415) 433-2261

COMPLAINT – CLASS ACTION [Case No. 977325]

1         2.     Adjudge and decree that Defendant's conduct has violated New York

2 General Business Law Section 349, and that the Court award Plaintiff and the Class (i) actual

3 damages in the amount to be proved at trial of the wrongful conduct alleged, plus interest and

4 costs; and (ii) all other actual damages available under the New York statutory and common law,

5 including attorneys fees;

6         3.     Find that the Defendant was unjustly enriched and that the Defendant

7 should disgorge its unjustly obtained profits for the benefit of the Class;

8         4.     Award Plaintiff and the members of the Class the costs of this suit,

9 including reasonable attorneys' fees;

10        5.     Award Plaintiff and the members of the Class pre-judgment and post-

11 judgment interest on the above sums at the highest rate allowed by law; and

12        6.     Grant such other and further relief as this Court deems to be just and

13 equitable.

14 Dated: August ___10___, 2005       DRUMMOND & ASSOCIATES

17 By _____

        Donald F. Drummond

18       Attorneys for Plaintiff Jose Juan, on behalf of
himself and all others similarly situated

19 G:\drummondassoc\intel-class-action\compl-ny.wpd

20 Of Counsel

22 Kenneth G. Walsh         Andrew S. Friedman
   Straus & Boies, LLC       Francis J. Balint, Jr.
23 2 Depot Plaza, 2nd Floor     Patrick J. Van Zanen
   Bedford Hills, NY 10507    Bonnett, Fairbourn, Friedman & Balint, P.C.
24 Telephone: (914) 244-3200   291 North Central Avenue, Suite 1000
   Facsimile: (914) 244-3260    Phoenix, AZ 85012
25 kwalsh@straus-boies.com    Tel: (602) 274-1100
                     Fax: (602) 274-1199
26                      afriedman@bffb.com

27

28

DRUMMOND & ASSOCIATES
One California Street
Suite 300
San Francisco, CA 94111
(415) 433-2261

22

COMPLAINT – CLASS ACTION [Case No. 977325]

Wyatt B. Durette, Jr.
Kenneth McArthur
Durrettebradshaw, PLC
Main Street Center
600 East Main Street
Twentieth Floor
Richmond, VA 23219
Tel: (804) 775-6809
Fax: (804) 775-6911

Dennis Stewart
Hulett Harper Stewart, LLP
550 West C Street, Suite 1600
San Diego, CA 92101
Tel: (619) 338-1133

Jeffrey A. Bartos
Jonathan Rolfe
Guerrieri, Edmond, Clayman & Bartos, PC
1625 Massachusetts Avenue, NW
Washington, DC 20036
Tel: (202) 624-7400

DRUMMOND & ASSOCIATES
One California Street
Suite 300
San Francisco, CA 94111
(415) 433-2261

23

COMPLAINT – CLASS ACTION [Case No. 977325]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JOSE JUAN )<br>            Plaintiff(s) )<br><br>    -v-<br><br>INTEL CORPORATION<br>            Defendant(s) ) | C 05-03271 EMC<br><br>ORDER SETTING INITIAL CASE MANAGEMENT<br>CONFERENCE |

IT IS HEREBY ORDERED that this action is assigned to the
Honorable Edward M. Chen.  When serving the complaint or
notice of removal, the plaintiff or removing defendant must
serve on all other parties a copy of this order, the handbook
entitled "Dispute Resolution Procedures in the Northern District
of California," the Notice of Assignment to United States Magistrate
Judge for Trial, and all other documents specified in Civil Local Rule 4-2.
Counsel must comply with the case schedule listed below unless the
Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the
Alternative Dispute Resolution (ADR) Multi-Option Program governed
by ADR Local Rule 3.  Counsel and clients must familiarize themselves
with that rule and with the handbook entitled "Dispute Resolution
Procedures in the Northern District of California."

CASE SCHEDULE   [ADR MULTI-OPTION PROGRAM]

| Date | Event | Governing Rule |
|---|---|---|
| 08/10/2005 | Complaint filed | |
| 11/23/2005 | Last day to meet and confer re initial<br>disclosures, early settlement, ADR process<br>selection, and discovery plan | FRCivP 26(f)<br>& ADR LR 3-5 |
| 11/23/2005 | Last day to file Joint ADR Certification<br>with Stipulation to ADR process or Notice of<br>Need for ADR Phone Conference | Civil L.R. 16-8 |
| 12/07/2005 | Last day to complete initial disclosures<br>or state objection in Rule 26(f) Report,<br>file/serve Case Management Statement, and<br>file/serve Rule 26(f) Report | FRCivP 26(a)(1)<br>Civil L.R.16-9 |
| 12/14/2005 | Case Management Conference in<br>Ctrm C, 15th Floor at 1:30 PM | Civil L.R. 16-10 |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**STANDING ORDER FOR CIVIL PRACTICE IN CASES
ASSIGNED FOR ALL PURPOSES TO
MAGISTRATE JUDGE EDWARD M. CHEN**
(1/6/03)

The parties shall follow the General Orders of the Court for the Northern District of California, the Local Rules, and the Federal Rules of Civil Procedure, except as expressly modified herein. Failure to comply with any of the rules and orders may be deemed sufficient grounds for monetary sanctions, dismissal, entry of default judgment, or other appropriate sanctions. The rules and orders are supplemented and modified as follows:

### A.  STANDING ORDER RE MOTIONS AND CONFERENCES

1.     Criminal Law and Motion is heard on Wednesdays at 9:30 a.m.  Civil Law and Motion is heard on Wednesdays at 10:30 a.m.  Counsel need not reserve a hearing date in advance for civil motions.  However, noticed dates may be reset as the Court's calendar requires.

2.     Case Management Conferences are heard on Wednesdays at 1:30 p.m.  Pretrial Conferences are heard on Wednesdays at 3:00 p.m.

3.     In cases that are randomly assigned to Judge Chen for all purposes, the parties are requested to file their written consent to the assignment of a U.S. Magistrate Judge for all purposes, or their written declination of consent, as soon as possible.

4.     All scheduling questions should be addressed to Judge Chen's courtroom deputy, Betty Fong, at (415) 522-2034.

5.     Law and motion matters may be submitted without argument upon stipulation of the parties and notification of the Court no later than two (2) court days before the hearing.

6.     **In all "E-Filing" cases, when filing papers that require the Court to take any action (e.g. motions, meet and confer letters, administrative requests), the parties shall, in addition to filing papers electronically, lodge with chambers a printed copy of the papers on three-hole punch paper (including all exhibits) by the close of the next court day following the day the papers are filed electronically.  These printed copies shall be marked "EMC Chambers Copy" and shall be submitted to the Clerk's Office in an envelope clearly marked with the case number, "Magistrate Judge Edward M. Chen," and "E-Filing Chambers Copy."  Parties shall not file a paper copy of any document with the Clerk's**

Office that has already been filed electronically.  **A proposed order in an E-Filing case must be emailed to emcpo@cand.uscourts.gov as a WordPerfect attachment on the same day that it is E-Filed.**  With permission, Chambers' copes of documents may be submitted on CD-ROM with hypertext links to exhibits.

7.      The Court can no longer supply a court reporter.  If you wish to have this hearing recorded by a court reporter rather than by electronic means, please arrange this privately.

**B.      STANDING ORDER RE DISCOVERY DISPUTES**

This Standing Order applies to all disclosures and discovery motions assigned to Judge Chen and is intended to supplement the Civil Local Rules of this District regarding motion practice (Civil L. R. 7-1 et seq.) and the resolution of disclosure or discovery disputes (Civil L. R. 37-1 et seq.).

8.      Discovery motions may be addressed to the Court in three ways.  A motion may be noticed on not less than thirty-five (35) days notice pursuant to Civil L. R. 7-2.  Alternatively, any party may seek an order shortening time under Civil L. R. 6-3 if the circumstances justify that relief.  In emergencies during discovery events (such as depositions), the Court is available pursuant to Civil L. R. 37-1(b).  In the event a discovery dispute arises, counsel for the party seeking discovery shall in good faith confer **in person** with counsel for the party failing to make the discovery in an effort to resolve the dispute without court action, as required by Fed. R. Civ. P. 37 and Civil L. R. 37-1(a).  The meeting must be **in person**, except where good cause is shown why a telephone meeting is adequate.  A declaration setting forth these meet and confer efforts, and the final positions of each party, shall be included in the moving papers.  The Court will not consider discovery motions unless the moving party has complied with Fed. R. Civ. P. 37 and Civil L. R. 37-1(a).

9.      Motions for sanctions shall be filed by separate motion in accordance with the Fed. R. Civ. P. 37 and Civil L. R. 37-3.  The parties shall comply with their meet and confer obligations pursuant to Civil L. R. 37-1(a).  Parties who refuse to meet and confer will be subject to sanctions pursuant to Civil L. R. 37-3.

10.     Any party filing an Emergency or Ex Parte Application **must** contact Judge Chen's courtroom deputy clerk, Betty Fong, at 415/522-2034.

PRODUCTION OF DOCUMENTS

11.     In responding to requests for documents and materials under Fed. R. Civ. P. 34, all parties shall affirmatively state in a written response served on all other parties the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced all such materials so described that are locatable after a diligent search of all locations at which such materials might plausibly exist.  It shall not be sufficient to object and/or to state that "responsive" materials will be or have been produced.

12.     In searching for responsive materials in connection with a request under Fed. R. Civ. P. 34, parties must search computerized files, emails, voicemails, work files, desk files, calendars and diaries, and any other locations and sources if materials of the type to be produced might plausibly be expected to be found there.

13.     Privilege logs shall be promptly provided and must be sufficiently detailed and informative to justify the privilege.  *See* Fed. R. Civ. P. 26(b)(5).  No generalized claims of privilege or work product protection shall be permitted.  With respect to each communication for which a claim of privilege or work product is made, the asserting party must at the time of its assertion identify:  (a) all persons making and receiving the privileged or protected communication; (b) the steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication; (c) the date of the communication; and (d) the subject matter of the communication.  Failure to furnish this information at the time of the assertion may be deemed a waiver of the privilege or protection.

14.     To the maximum extent feasible, all party files and records should be retained and produced in their original form and sequence, including file folders, and the originals should remain available for inspection by any counsel on reasonable notice.

15.     As soon as a party has notice of this order, the party shall take such reasonable steps as are necessary to preserve evidence related to the issues presented by the action, including, without limitation, interdiction of any document destruction programs and any ongoing erasures of emails, voicemails, and other electronically recorded material to the extent necessary to preserve information relevant to the issues presented by the action.

16.     Except for good cause, no item will be received in evidence if the proponent failed to produce it in the face of a reasonable and proper discovery request covering the item, regardless of whether a motion to overrule any objection thereto was made.

## DEPOSITIONS

17.     Absent extraordinary circumstances, counsel shall consult in advance with opposing counsel and unrepresented proposed deponents to schedule depositions at mutually convenient times and places.  Where an agreement cannot be reached as to any party deponent or

a deponent represented by counsel of record, the following procedure may be invoked by the party seeking any such deposition. The party seeking such a deposition may notice it at least thirty (30) days in advance. If the noticed date and place is unacceptable to the deponent or the deponent's counsel, then within ten (10) days or receipt of the notice, the deponent or counsel for the deponent must reply and counter-propose in writing an alternative date and place falling within thirty (30) days of the date noticed by the party seeking the deposition.

18.    Counsel and parties shall comply with Fed. R. Civ. P. 30(d)(1). Deposition objections must be as to privilege or form only. Speaking objections are prohibited. When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information itself is itself privileged. Private conferences between deponents and attorneys in the course of interrogation, including a line of related questions, are improper and prohibited except for the sole purpose of determining whether a privilege should be asserted.

## <u>SANCTIONS</u>

19.    Failure to comply with this Order or the Local Rules of this Court may result in sanctions. See Fed. R. Civ. P. 16(f), Civil L. R. 1-4.
copy.


_____
Edward M. Chen
United States Magistrate Judge

1 BINGHAM McCUTCHEN LLP
DAVID M. BALABANIAN (SBN 37368)
2 CHRISTOPHER B. HOCKETT (SBN 121539)
JOY K. FUYUNO (SBN 193890)
3 Three Embarcadero Center
San Francisco, California  94111-4067
4 Telephone:  (415) 393-2000

5 Attorneys for Defendant
Intel Corporation

6

7

8                UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10

11 JOSE JUAN, on behalf of himself and all others   No. C-05-3271
similarly situated,
12                                                   STIPULATION AND [PROPOSED]
                Plaintiff,                           ORDER TO EXTEND TIME FOR
13        v.                                         DEFENDANT TO ANSWER OR
                                                     OTHERWISE RESPOND TO
14 INTEL CORPORATION, a Delaware                     COMPLAINT
Corporation,
15
                Defendant.
16

17            IT IS STIPULATED BY AND BETWEEN THE PARTIES, THROUGH THEIR

18 COUNSEL AS FOLLOWS:

19            Pursuant to Civil Local Rule 6-2, Plaintiff Jose Juan and Defendant Intel

20 Corporation hereby stipulate that Intel Corporation's response to Plaintiff's complaint be

21 extended 30 days, up to and including October 12, 2005.

22            This is the first stipulation between the parties.  Because this litigation has just

23 begun, granting such a stipulation will not have any negative impact on the schedule of this case.

24 ///

25 ///

26 ///

Case No. C-05-3271

STIPULATION AND [PROPOSED] ORDER TO EXTEND TIME

SF/21635197.1

1    DATED:  September 12, 2005

2
                                         BINGHAM McCUTCHEN LLP
3

4

5                                        By:_____/s/ Joy K. Fuyuno_____
                                                     Joy K. Fuyuno
6                                                 Attorneys for Defendant
                                                    Intel Corporation
7

8    DATED:  September 12, 2005

9
                                         DRUMMOND & ASSOCIATES
10

11

12                                       By:_____/s/ Donald F. Drummond_____
                                                   Donald F. Drummond
13                                                Attorneys for Plaintiff
                                                       Jose Juan
14

15

16

17

18

19

20

21

22

23

24

25

26

                                          2                        Case No. C-05-3271

SF/21635197.1

1
2

## [Proposed] Order to Extend Response Time

IT IS HEREBY ORDERED that Defendant Intel Corporation shall have up to and

3

including October 12, 2005 to respond to Plaintiff Jose Juan's complaint.

4

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

5

Dated:  September ____, 2005

6
7

_____

8

United States District Judge

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

3                                    Case No. C-05-3271

SF/21635197.1

1   BINGHAM McCUTCHEN LLP
    DAVID M. BALABANIAN (SBN 37368)
2   CHRISTOPHER B. HOCKETT (SBN 121539)
    JOY K. FUYUNO (SBN 193890)
3   Three Embarcadero Center
    San Francisco, California  94111-4067
4   Telephone:  (415) 393-2000

5   Attorneys for Defendant
    Intel Corporation

6

7

8               UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11

12  JOSE JUAN, on behalf of himself and all others      No. C-05-3271
    similarly situated,
13                                                       DEFENDANT'S FEDERAL RULES OF
                       Plaintiff,                        CIVIL PROCEDURE  7.1 AND CIVIL
14          v.                                           LOCAL RULE 3-16 DISCLOSURE
                                                         STATEMENTS
15  INTEL CORPORATION, a Delaware
    Corporation,
16
                       Defendant.
17

18              Pursuant to Rule 7.1, Federal Rules of Civil Procedure, the undersigned certifies
19  that there is no parent company and no publicly held entity that owns 10% or more of Intel.
20              Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other
21  than the named parties, there is no such interest to report.
22  ///
23  ///
24  ///
25  ///
26  ///

                                                         Case No. C-05-3271
    DEFENDANT'S FRCP 7.1 AND CIVIL L.R. 3-16 DISCLOSURES

1   DATED: September 12, 2005

2

                                          BINGHAM McCUTCHEN LLP

3

4

5                              By: _____ */s/ Joy K. Fuyuno* _____

6                                           Joy K. Fuyuno
                                    Attorneys for Defendant

7                                     Intel Corporation

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT'S FRCP 7.1 AND CIVIL L.R. 3-16 DISCLOSURES

1   BINGHAM McCUTCHEN LLP
    DAVID M. BALABANIAN (SBN 37368)
2   CHRISTOPHER B. HOCKETT (SBN 121539)
    JOY K. FUYUNO (SBN 193890)
3   Three Embarcadero Center
    San Francisco, California  94111-4067
4   Telephone:  (415) 393-2000

5   Attorneys for Defendant
    Intel Corporation

6

7

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  JOSE JUAN, on behalf of himself and all others      No. C-05-3271
    similarly situated,
12                                                       STIPULATION AND [PROPOSED]
                    Plaintiff,                           ORDER TO EXTEND TIME FOR
13           v.                                          DEFENDANT TO ANSWER OR
                                                         OTHERWISE RESPOND TO
14  INTEL CORPORATION, a Delaware                        COMPLAINT
    Corporation,
15
                    Defendant.
16

17            IT IS STIPULATED BY AND BETWEEN THE PARTIES, THROUGH THEIR

18  COUNSEL AS FOLLOWS:

19            Pursuant to Civil Local Rule 6-2, Plaintiff Jose Juan and Defendant Intel

20  Corporation hereby stipulate that Intel Corporation's response to Plaintiff's complaint be

21  extended 30 days, up to and including October 12, 2005.

22            This is the first stipulation between the parties.  Because this litigation has just

23  begun, granting such a stipulation will not have any negative impact on the schedule of this case.

24  ///

25  ///

26  ///

                                                         Case No. C-05-3271
    ─────────────────────────────────────────────────────────────────
              STIPULATION AND [PROPOSED] ORDER TO EXTEND TIME
    SF/21635197.1

1   DATED: September 12, 2005

2
                              BINGHAM McCUTCHEN LLP
3

4

5                             By:_____
                                         /s/ Joy K. Fuyuno
6                                       Joy K. Fuyuno
                                      Attorneys for Defendant
7                                       Intel Corporation

8   DATED: September 12, 2005

9
                              DRUMMOND & ASSOCIATES
10

11

12                            By:_____
                                      /s/ Donald F. Drummond
13                                    Donald F. Drummond
                                      Attorneys for Plaintiff
14                                        Jose Juan

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATION AND [PROPOSED] ORDER TO EXTEND TIME

1    **[Proposed] Order to Extend Response Time**

2         IT IS HEREBY ORDERED that Defendant Intel Corporation shall have up to and

3    including October 12, 2005 to respond to Plaintiff Jose Juan's complaint.

4    **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

5    Dated:  September 14 , 2005

6

7    _____
     ~~United States District Judge~~

8    Edward M. Chen
     United States Magistrate Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATION AND [PROPOSED] ORDER TO EXTEND TIME

SF/21635197.1

# FILED

SEP 2 9 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1
## [PROPOSED] RELATED CASE ORDER

2
A Motion for Administrative Relief to Consider Whether Cases Should be

3
Related (Civil L.R. 3-12) has been filed.  As the judge assigned to the above-captioned case, I

4
find that the more recently filed case(s) that I have initialed below are related to the case

5
assigned to me, and such case(s) shall be reassigned to me.  Any cases listed below that are not

6
related to the case assigned to me are referred to the judge assigned to the next-earliest filed case

7
for a related case determination.

8
C 05-2669 MHP     David E. Lipton et al -v- Intel Corporation

9
C-05-3271 EMC     Jose Juan, et al. v. Intel Corporation

10
I find that the above case is related to the case assigned to me.

11

12
C-05-3272 JL     Dressed to Kill Custom Draperies, LLC, et al. v. Intel Corporation

I find that the above case is related to the case assigned to me.

13
C-05-3273 EMC     Tracy Kinder, et al. v. Intel Corporation

14
I find that the above case is related to the case assigned to me.

15
C-05-3277 EDL     Edward Rush, et al. v. Intel Corporation

16
I find that the above case is related to the case assigned to me.

17

18

19
## [PROPOSED] ORDER

20
Counsel are instructed that all future filings in any reassigned case are to bear the

21
initials of the newly assigned judge immediately after the case number.  Any case management

22
conference in any reassigned case will be rescheduled by the Court.  The parties shall adjust the

23
dates for the conference, disclosures and report required by FRCivP 16 and 26 accordingly.

24
Unless otherwise ordered, any dates for hearing noticed motions are vacated and must be re-

25
noticed by the moving party before the newly assigned judge; any deadlines set by the ADR

26

---

3     Case No. 05-2669

RELATED CASES MOTION

1    Local Rules remain in effect; and any deadlines established in a case management order continue

2    to govern, except dates for appearance in court, which will be rescheduled by the newly assigned

3    judge.

4    DATED: 9/26, 2005

5

6                                                    Honorable Marilyn H. Patel

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4                                    Case No. 05-2669

RELATED CASES MOTION

1  Bingham McCutchen LLP
   DAVID M. BALABANIAN (SBN 37368)
2  CHRISTOPHER B. HOCKETT (SBN 121539)
   JOY K. FUYUNO (SBN 193890)
3  Three Embarcadero Center
   San Francisco, CA 94111-4067
4  Telephone: (415) 393-2000
   Facsimile: (415) 393-2286
5
   Attorneys for Defendant
6  Intel Corporation

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11

12  JOSE JUAN, on behalf of himself and all others    No. C-05-3271 (MHP)
    similarly situated,
13                                                     INTEL'S MOTION TO ENLARGE
                        Plaintiff,                     TIME TO RESPOND TO COMPLAINT;
14          v.                                         DECLARATION OF RICHARD A.
                                                       RIPLEY IN SUPPORT THEREOF;
15  INTEL CORPORATION, a Delaware                      [PROPOSED] ORDER
    corporation,
16
                        Defendant.
17

18

19          Pursuant to Civil L.R. 6-1(b) and 6-3, Defendant Intel Corporation ("Intel") respectfully

20  moves this Court for an order enlarging Intel's time to respond to the Complaint of Plaintiff Jose

21  Juan ("Juan") until either (1) 60 days after transfer of the above-styled action pursuant to any

22  motion to coordinate or consolidate pre-trial proceedings pursuant to 28 U.S.C. §1407 or (2) 45

23  days after any such motion has been denied. The grounds for Intel's motion are as follows:

24  ///

25  ///

26

─────────────────────────────────────────────────────

SF/21637519.4

1       This case is one of over 70 federal purported class actions ("related actions") — 27 of

2   which have been filed in this district — that similarly allege that Intel has violated federal and

3   state antitrust laws. Declaration of Richard A. Ripley ("Ripley Decl.") ¶ 3 & Exh. B.[1]  Juan's

4   complaint, filed on August 10, 2005, is the 59th federal purported class action filed and the 24th

5   in this district.  *Id.* ¶ 3

6       On July 14, 2005, nearly one month before Juan filed his complaint here, the plaintiffs in

7   *Brauch et al. v. Intel Corp.*, No. C:05-2743 (MP) (N.D. Cal.), petitioned the Judicial Panel on

8   Multidistrict Litigation ("JMPL") to have the related actions consolidated for pretrial purposes

9   (*In re Intel Microprocessor Antitrust Litigation*, MDL 1717)  pursuant to 28 U.S.C. §1407.

10  Ripley Decl. ¶ 4 & Exh. A.  On September 16, 2005, Intel identified this action as a tag-along

11  action to be included in the MDL.  *Id.* & Exh. B.  Plaintiff has not objected to this complaint

12  being designated as a tag-along action or being included in MDL 1717.  *Id.* ¶ 4.  Indeed, none of

13  the plaintiffs in the related actions have objected to MDL treatment.  *Id.*

14      In an effort treat all these related actions equally and put each on the same track, Intel has

15  spent the past three months negotiating a uniform date by which Intel would answer or otherwise

16  respond to the respective complaints in the related actions.  *Id.* ¶ 5.  Because of the pending

17  MDL treatment, it was essential to link the extension to the decision by the JPML whether, and

18  where, to consolidate these related actions.  *Id.*  Specifically, Intel sought a response date of 60

19  days after transfer of the above-styled action pursuant to any motion to coordinate or consolidate

20  pre-trial proceedings per 28 U.S.C. §1407 or, in the alternative, 45 days after any such motion

21  has been denied.  Ripley Decl. ¶ 5.  The 60 days permits the transfer of the necessary case files to

22  the MDL Court, as well as the opportunity for the MDL Court to consider the need for a

23  consolidated class complaint.  *Id.*

24  _____

25  [1]     This notice of related tag-along actions references 67 of the related actions.  At the time
Intel filed this notice of tag-along actions, it had not been served in the other cases.

26

INTEL'S MOTION TO ENLARGE TIME TO RESPOND TO COMPLAINT;
DECLARATION OF RICHARD A. RIPLEY IN SUPPORT THEREOF; [PROPOSED] ORDER

1    Subsequent to receiving service of the complaint on August 23, 2005, Intel conferred

2    with plaintiff, pursuant to Civil L.R. 6-3(a)(2), regarding a similar extension. *See* Ripley Decl.

3    ¶ 7.  On September 9, 2005, one business day before Intel's original response date, plaintiff

4    advised Intel that, although he would agree to an extension to a date certain, he could not agree

5    to any extension linked to the decision by the JPML whether to include *Juan* and other actions in

6    MDL 1717.  *Id.*  On September 12, 2005, the parties stipulated to an extension of time for Intel

7    to respond to the complaint up to and including October 12, 2005; it was the parties'

8    understanding that Intel would use the 30 days to file this contest motion for an extension

9    identical to that entered in the related MDL cases.  *Id.*

10    Since September 12, 2005, Intel has conferred further with plaintiff regarding his

11    willingness to agree to the extension that Intel seeks through this motion.  *Id.* ¶ 8.  Plaintiff's

12    position remains unchanged; plaintiff will agree to an extension to a date certain, but opposes

13    giving Intel any extension that is linked to the JPML's decision.  *Id.*  As a result, *Juan* and the

14    three other related actions that have as their main counsel Strauss & Boies LLP[2] are the only

15    actions that have not agreed to the uniform response date.  *Id.* ¶ 6.  Indeed, this extension has

16    been entered in 21 of the 23 other related actions in this district[3] and 40 related cases in other

17    District Courts (primarily the District of Delaware).  *Id.*

18    Intel will suffer substantial prejudice should the Court deny the requested enlargement of

19    time in that its efforts to organize this welter of federal actions and provide a foundation for

20    litigating these related actions on a uniform schedule would be seriously compromised.  *Id.* ¶ 9.

21    _____

22    [2]    Straus & Boies LLP is counsel for plaintiffs in *Juan* as well as the following three related

23    cases against Intel: *Dressed To Kill Custom Draperies, LLC et al v. Intel Corp.*, No. C-05-3094
(N.D. Cal., filed August 10, 2005); *Tracy Kinder et al v. Intel Corp.*, No. C-05-3273 (N.D. Cal.,

24    filed August 10, 2005); and *Edward Rush et al v. Intel Corp.*, No. C-05-3277 (N.D. Cal., filed
August 11, 2005).

25    [3]    Intel has not been served in the other two actions.

26

3

SF/21637519.4

1    Without the uniform response date, Intel may be compelled to respond in this action well ahead

2    of the response date for the other related actions. *Id.* This will result in needless duplicative

3    effort; for example, the claims that Juan seeks to assert on behalf of New York residents were

4    previously asserted in eleven of the related actions. *Id.* Such a result would undermine a

5    fundamental purpose of coordinating pre-trial proceedings in an MDL, which neither plaintiff

6    nor any of the other purported class actions oppose. Moreover, since it is likely that the MDL

7    court will direct the filing of a consolidated class complaint, any response that Intel would have

8    to file should this Court deny the extension would soon become moot.

9         Conversely, the requested extension would not materially affect the schedule in this case.

10   The JPML heard argument on the pending MDL petition on September 29, 2005.

11   *Id.* ¶ 10. Thus, it is likely that this case will be transferred to the MDL Court before this

12   litigation can advance in a substantive manner.[4]

13        Finally, the extension to a date certain, as plaintiff proposed, is inefficient because the

14   parties cannot accurately predict when the JPML will issue its decision. Consequently, an

15   extension to a date certain — unless that date is a minimum of several months — will likely

16   require the parties to return for additional extensions or risk voiding the cooperative efforts in 63

17   other actions. *Id.* ¶ 8.

18   ///

19   ///

20   ///

21   ///

22

23   _____

24

25   [4]   Upon receiving the conditional transfer order, this Court must transfer the "complete original file." MULTIDISTRICT LITIGATION RULE 1.6(a).

26

4

SF/21637519.4

1          Wherefore, Intel respectfully requests that this Court extend Intel's response date

2    commensurate with the identical extensions entered in the other MDL actions, in the form of the

3    accompanying proposed order.  Intel does not believe that a hearing is necessary on this issue,

4    and — given that the current response date is October 12, 2005 — Intel respectfully requests that

5    this motion be considered on an expedited basis.  In support of this motion, Intel relies on the

6    accompanying Declaration of Richard A. Ripley, the attachments thereto, and the docket in this

7    case and the related cases in this District.

8

9                                              Respectfully submitted,

10

11   DATED:  October ___, 2005               Bingham McCutchen LLP

12

13                                           By: _____

14                                               DAVID A. BALABANIAN
                                                 Attorneys for Defendant
15                                               Intel Corporation

16

17

18

19

20

21

22

23

24

25

26

SF/21637519.4

1

Bingham McCutchen LLP
2  DAVID M. BALABANIAN (SBN 37368)
   CHRISTOPHER B. HOCKETT (SBN 121539)
3  JOY K. FUYUNO (SBN 193890)
   Three Embarcadero Center
4  San Francisco, CA 94111-4067
   Telephone: (415) 393-2000
5  Facsimile: (415) 393-2286

6  Attorneys for Defendant
   Intel Corporation
7

8
                    UNITED STATES DISTRICT COURT
9
                 NORTHERN DISTRICT OF CALIFORNIA
10
                     SAN FRANCISCO DIVISION
11

12
   JOSE JUAN, on behalf of himself and all others       No. C-05-3271
13 similarly situated,

14              Plaintiff,

15        v.                                             DECLARATION OF
                                                         RICHARD A. RIPLEY
16 INTEL CORPORATION, a Delaware
   corporation,

17              Defendant.

18

19        I, Richard A. Ripley, declare as follows:

20        1.    I am over the age of eighteen and competent to give testimony. The facts in this

21 declaration are based upon my personal knowledge.

22        2.    I am a partner with the law firm of Bingham McCutchen, LLP, counsel of record

23 for Defendant Intel Corporation ("Intel") in *Juan et al. v. Intel Corporation*, No. 05-3271 ("*Juan*").

24        3.    *Juan* is one of over 70 federal purported class actions ("related actions")—27 of

25 which have been filed in this district—all of which allege that Intel has violated federal and state

26 antitrust laws. Plaintiff filed this complaint on August 10, 2005, making it the 59th federal action

---

DECLARATION OF RICHARD A. RIPLEY

1 and the 24th filed in this district. *Juan* is one of four related actions in this district that have the

2 law firm of Straus & Boies LLP as their main outside counsel.

3       4.      Attached hereto as EXHIBIT A is a true and correct copy of the MDL petition

4 filed by plaintiffs in *Brauch et al. v. Intel Corp.*, No. C-02-2743 (N.D. Cal.) to coordinate or

5 consolidate pre-trial proceedings of the related actions pursuant to 28 U.S.C. §1407. This

6 petition was filed on July 14, 2005, nearly one month before *Juan* commenced. On September

7 16, 2005, Intel identified *Juan* as a tag-along action to the MDL petition. Attached hereto as

8 EXHIBIT B is a true and correct copy of the notice of related, tag-along actions filed before the

9 Judicial Panel on Multidistrict Litigation ('JPML') identifying *Juan* as a related action. Neither

10 Plaintiff Jose Juan nor any of the other class plaintiffs has objected to this designation.

11       5.      Over the past three months, I have negotiated with counsel in the related actions

12 extensions of time for Intel's responses to these various complaints that would result in a uniform

13 response date. A uniform response date is a critical step in treating all related actions equally

14 and ensuring that each was on the same track. Specifically, I obtained agreements to extend

15 Intel's response date in each of the related actions to 60 days after transfer of the case pursuant to

16 the pending MDL petition or, in the alternative, 45 days after the JPML denied the motion.

17 Because of the pending MDL treatment and the various service dates in the related actions, it

18 was essential to link the extension to the JPML's decision whether, and where, to consolidate

19 these related actions in order to assure a uniform response date. The 60 days permits the transfer

20 of the necessary case files to the MDL Court, as well as the opportunity for the MDL Court to

21 consider the need for a consolidated class complaint.

22       6.      Pursuant to Civil L.R. 6-2, Intel obtained this uniform extension in 21 related

23 actions in the Northern District of California, and 40 related cases in other District Courts

24 (primarily the District of Delaware). A true and correct copy of one such stipulation is attached

25 hereto as EXHIBIT C for illustrative purposes. Of the related actions in which Intel has been

26 served, only the four Straus & Boies LLP actions have rejected this uniform extension.

2

---

DECLARATION OF RICHARD A. RIPLEY

1       7.    Shortly after Intel received service of *Juan* on August 23, 2005, I contacted Mr.

2    Timothy D. Battin of Straus & Boies, pursuant to Civil L.R. 6-3(a)(2), to determine whether the

3    four Straus & Boies cases, including *Juan*, would agree to the uniform extension. During our

4    conversations, I advised Mr. Battin that Intel was obtaining the identical extension in the related

5    actions. Mr. Battin stated that he would confer with his co-counsel and call me back. On

6    September 9, 2005, Mr. Battin advised me that although he would agree to an extension to a date

7    certain, he would not agree to any extension linked to the JPML's decision. Since this

8    conversation occurred just one business day before Intel's original response date in *Juan*, Mr.

9    Battin agreed to a 30-day extension so that Intel could present the court with a motion to enter

10    the uniform response date. The parties filed that stipulated extension on September 12, 2005.

11       8.    Since September 12, 2005, I have conferred further with Mr. Battin by email

12    regarding his client's willingness to agree to the uniform extension. Plaintiff's position remains

13    unchanged; plaintiff will agree to an extension to a date certain, but opposes giving Intel any

14    extension that is linked to the JPML's decision. An extension to a date certain, however, is

15    inefficient because the parties cannot accurately predict when the JPML will issue its decision.

16    Consequently, an extension to a date certain—unless that date is at least several months from now—

17    will likely require the parties to return for additional extensions or risk voiding the extensive

18    cooperative efforts in the other related actions to share a single response date.

19       9.    In the absence of the requested extension, Intel faces substantial prejudice.

20    Specifically, Intel's efforts to organize this welter of federal actions and provide a foundation for

21    litigating these related actions on a uniform schedule would be seriously compromised. Intel

22    will be compelled to file a response in this action well ahead of the date that Intel will need to

23    respond to any of the other related actions. This will result in needless, duplicative effort; for

24    example, the claims that *Juan* seeks to assert on behalf of New York residents were previously

25    asserted in eleven other related actions. Such a result would undermine a fundamental purpose

26    of coordinating pre-trial proceedings in an MDL, which neither plaintiff nor any of the other

3

DECLARATION OF RICHARD A. RIPLEY

1  putative class action plaintiffs oppose.

2      10.    Conversely, the requested uniform extension would not materially affect the

3  schedule in this case. The JPML heard argument on the pending MDL petition on September 29,

4  2005. Thus, it is likely that this case will be transferred to the MDL Court before this litigation

5  can advance in a substantive manner beyond Intel filing its response to the complaint.

6      I declare under penalty of perjury that the foregoing is true and correct to the best of my

7  knowledge.

8

9  DATED: October 3, 2005

10

11

12  Richard A. Ripley

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4

SF/21637519.4

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 1 4 2005

FILED
CLERK'S OFFICE

**MDL 1717**

PLEADING NO. 1

### BEFORE THE JUDICIAL PANEL
### ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE INTEL MARKET PRACTICES ANTITRUST LITIGATION | : : : : : |
| | MDL DOCKET NO. _____ |

### PLAINTIFFS MICHAEL BRAUCH AND ANDREW MEIMES' MOTION TO TRANSFER AND COORDINATE OR CONSOLIDATE FOR PRETRIAL PROCEEDINGS IN THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407

Plaintiffs Michael Brauch and Andrew Meimes ("Plaintiffs") respectfully move the Judicial Panel on Multidistrict Litigation ("JPML" or "Panel") for an Order, pursuant to 28 U.S.C. § 1407, that would accomplish the following.

First, Plaintiffs ask the JPML to transfer four actions currently pending in the United States District Court for the District of Delaware, as well as any cases that may subsequently be filed asserting similar or related claims, to the United States District Court for the Northern District of California, San Francisco Division. The actions currently pending in the District of Delaware are as follows: (1) *Advanced Micro Devices, Inc. v. Intel Corp., et al.* No. 1:05-cv-00441 (D. Del., filed June 27, 2005); (2) *Kidwell, et al. v. Intel Corp*, No.

1:05-cv-00470 (D. Del., filed July 6, 2005); (3) *Rainwater, et al. v. Intel Corp.*, No. 1:05-cv-00473 (D. Del., filed July 6, 2005); and (4) *Kravitz, et al. v. Intel Corp.*, No. 1:05-cv-476 (D. Del., filed July 8, 2005).

       <u>Second</u>, Plaintiffs ask the JPML to consolidate the above four proceedings with the ten actions that are currently pending in the United States District Court for the Northern District of California. As of July 11, 2005, Plaintiffs are aware of the following actions pending in the Northern District: (1) *Brauch, et al. v. Intel Corp.*, No. C:05-2743 (BZ) (N.D. Cal., filed July 5, 2005); (2) *Konieczka v. Intel Corp.*, No. C:05-2700 (MHP) (N.D. Cal., filed June 30, 2005); (3) *Prohias v. Intel Corp.*, No. C:05-2699 (JL) (N.D. Cal., filed June 30, 2005); (4) *Niehaus v. Intel Corp.*, No. C:05-2720 (JCS) (N.D. Cal., filed July 1, 2005); (5) *Hamilton v. Intel Corp.*, No. C:05-2721 (JCS) (N.D. Cal., filed July 1, 2005); (6) *Baxley v. Intel Corp.*, No. C:05-2758 (EMC) (N.D. Cal., filed July 6, 2005); (7) *Lipton v. Intel Corp.*, No. C:05-2669 (MHP) (N.D. Cal., filed June 29, 2005); (8) *Frazier, et al. v. Intel Corp.*, No. C:05-2813 (N.D. Cal., filed July 11, 2005); (9) *Dickerson v. Intel Corp.*, No. C:05-2818 (JL) (N.D. Cal., filed July 11, 2005); and (10) *The Harman Press v. Intel Corp.*, (this case was filed late in the day therefore no number has been assigned by the court as of the date of this filing) (N.D. Cal., filed July 11, 2005). In support of their motion for transfer and consolidation, Plaintiffs state as follows.

       1.    The actions for which transfer and consolidation are proposed arise out of the same or similar illegal antitrust conduct and allege substantially similar claims. One of the actions was brought by Advanced Micro Devices ("AMD"), a competitor of defendant Intel Corporation ("Intel"). The remaining thirteen actions are brought on behalf of consumers who purchased Intel microprocessor computer chips ("Intel Chips"). All fourteen actions allege that Intel and its controlled subsidiaries and/or affiliates illegally maintained its monopoly power in the relevant microprocessor market and/or that Intel conspired to fix, raise, maintain and/or stabilize prices for Intel Chips sold in the United States and elsewhere. Intel manufactures, distributes, advertises and sells Intel Chips throughout the United States and the world.

56555.1

2.    Plaintiffs propose that the four actions pending in the District of Delaware be consolidated with the ten actions currently pending in the Northern District of California.

3.    All fourteen actions arise out of a common core of factual allegations, namely, that Intel illegally maintained its monopoly power in the relevant microprocessor market and/or engaged in a combination and conspiracy to suppress and eliminate competition in that market by fixing the prices of and/or allocating markets for Intel Chips sold in the United States and elsewhere, thus overcharging Original Equipment Manufacturer purchasers and consumers for prices paid for Intel Chips during the relevant time period.

4.    The centralization of these actions in a single judicial district for consolidated pretrial proceedings will promote the just and efficient conduct of these actions, will serve the convenience of all parties and witnesses, and will promote the interest of justice because all fourteen actions involve the same or similar factual and legal issues.

5.    Consolidation of the actions before a single court will conserve judicial resources, reduce litigation costs, prevent potentially inconsistent pretrial rulings, eliminate duplicative discovery, and permit the cases to proceed to trial more efficiently.

6.    All fourteen actions are in the very early stages of litigation; no responsive pleadings have been filed nor has any discovery been conducted.

7.    The proposed transfer and consolidation in the Northern District of California "will be for the convenience of parties and witnesses and will promote the just and efficient conduct" of these actions because it is expected that for each Plaintiff in each of the fourteen actions, counsel will take discovery of the same witnesses and documents to prove the same or similar conspiracy or conduct.

8.    Furthermore: (a) the majority of the cases (ten out of the fourteen cases) were filed in the Northern District of California; (b) the Northern District of California has the resources and judicial expertise to properly conduct this case; (c) Intel's principal place of business is located in the Northern District of California; (d) AMD's principal place of business is located in the Northern District of California; (e) likely witnesses and documentary

evidence are located in the Northern District; (f) the Court is centrally located to all parties; and (g) docket conditions favor the Northern District of California over the District of Delaware.

      9.    Plaintiffs' motion is based on the accompanying memorandum of law, the filed pleadings and papers, and other materials that may be presented to the Panel before or at the time of any hearing in this matter.

      WHEREFORE, Plaintiffs respectfully request that the Panel order that the four actions pending in the District of Delaware, as well as any cases that may be subsequently filed asserting related or similar claims, be transferred to the Northern District of California, San Francisco Division for consolidated and coordinated pretrial proceedings.

Dated: July 11, 2005                 Respectfully submitted,


                            By: _____
                              Michael P. Lehmann (Cal. Bar. No. 77152)
                              Thomas P. Dove (Cal. Bar. No. 51921)
                              Alex C. Turan (Cal. Bar. No. 227273)
                              THE FURTH FIRM LLP
                              225 Bush Street, 15th Floor
                              San Francisco, CA 94104
                              Telephone: (415) 433-2070
                              Facsimile: (415) 982-2076

                              Francis O. Scarpulla (Cal. Bar. No. 41059)
                              LAW OFFICES OF FRANCIS O.
                              SCARPULLA
                              44 Montgomery Street, Suite 3400
                              San Francisco, CA 94104
                              Telephone: (415) 788-7210
                              Facsimile: (415) 788-0707

                              Craig C. Corbitt (Cal. Bar. No. 83251)
                              ZELLE HOFMANN VOELBEL MASON &
                              GETTE, LLP
                              44 Montgomery Street, Suite 3400
                              San Francisco, CA 94104
                              Telephone: (415) 693-0700
                              Facsimile: (415) 693-0770

                              Attorneys for Plaintiffs Michael Brauch and
                              Andrew Meimes

## CERTIFICATE OF SERVICE

I, Alex C. Turan, on behalf of Plaintiffs Michael Brauch and Andrew Meimes, hereby

certify that true and correct copies of the following documents were served on July 11, 2005,

via U.S. mail on the court, counsel and/or parties of record listed below:

- Plaintiffs Michael Brauch and Andrew Meimes' Motion to Transfer and
  Coordinate or Consolidate for Pretrial Proceedings in the Northern
  District of California Pursuant to 28 U.S.C. § 1407;

- Memorandum of Points and Authorities in Support of Plaintiffs Michael
  Brauch and Andrew Meimes' Motion to Transfer and Coordinate or
  Consolidate for Pretrial Proceedings in the Northern District of
  California Pursuant to 28 U.S.C. § 1407;

- Exhibits to Plaintiffs Michael Brauch and Andrew Meimes' Motion to
  Transfer and Coordinate or Consolidate for Pretrial Proceedings in the
  Northern District of California Pursuant to 28 U.S.C. §1407;

- Plaintiffs Michael Brauch and Andrew Meimes' Reasons Why Oral
  Argument Should Be Heard;

- Certificate of Service;

- Cover letter to Clerk, United States District Court for the Northern
  District of California; and

- Cover letter to Clerk, United States District Court for the District of
  Delaware.

## COURTS

Clerk of Court
U.S. District Court
Northern District of California
450 Golden Gate Avenue, 16th Floor
San Francisco, CA 94102
Telephone:    (415) 522-2000

Clerk of Court
U.S. District Court
District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801
Telephone:    (302) 573-6170

**DEFENDANT**

Intel Corporation
c/o CT Corporation System
818 West Seventh Street
Los Angeles, CA 90017

**PLAINTIFFS' COUNSEL IN RELATED ACTIONS**

Lee M. Gordon
Elaine T. Byszewski
Hagens Berman Sobol Shapiro LLP
700 South Flower Street, Suite 2940
Los Angeles, CA 90017-4101
Telephone:     (213) 330-7150
Facsimile:     (213) 330-7152
**Counsel for Plaintiffs in *Lipton*, *Konieczka*, *Prohias*, *Hamilton* and *Niehaus* Actions**

Steve W. Berman
Anthony D. Shapiro
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone:     (206) 623-7292
Facsimile:     (206) 623-0594
**Counsel for Plaintiffs in *Lipton*, *Konieczka*, *Prohias*, *Hamilton* and *Niehaus* Actions**

Jeffrey F. Keller
Kathleen R. Scanlan
Law Offices of Jeffrey F. Keller
425 Second Street, Suite 500
San Francisco, CA 94107
Telephone:     (415) 543-1305
Facsimile:     (415) 543-7861
**Counsel for Plaintiffs in *Lipton*, *Konieczka*, *Prohias*, *Hamilton*, *Niehaus* and *Baxley* Actions**

Jeffrey S. Goldenberg
John C. Murdock
Murdock Goldenberg Schneider & Groh, L.P.A.
700 Walnut Street, Suite 400
Cincinnati, OH 45202-2011
Telephone:     (513) 345-8291
Facsimile:     (513) 345-8294
**Counsel for Plaintiffs in *Konieczka* and *Niehaus* Actions**

Lance A. Harke
Howard M. Bushman
Harke & Clasby LLP
155 South Miami Avenue, Suite 600
Miami, FL 33130
Telephone:     (305) 536-8222
Facsimile:     (305) 536-8229
**Counsel for Plaintiff in *Prohias* Action**

Francis O. Scarpulla
Law Offices of Francis O. Scarpulla
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone:    (415) 788-7210
Facsimile:    (415) 788-0707
**Counsel for Plaintiffs in *Brauch* Action**

Craig C. Corbitt
Zelle Hofmann Voelbel Mason & Gette, LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone:    (415) 693-0700
Facsimile:    (415) 693-0770
**Counsel for Plaintiffs in *Brauch* Action**

Mark Reinhardt
Garrett D. Blanchfield, Jr.
Reinhardt Wendorf & Blanchfield
332 Minnesota Street, Suite E-1250
St. Paul, MN 55101
Telephone:    (651) 287-2100
Facsimile:    (651) 287-2103
**Counsel for Plaintiff in *Baxley* Action**

Eric J. Belfi
Murray Frank & Sailer, LLP
275 Madison Avenue
New York, NY 10016
Telephone:    (212) 682-1818
Facsimile:    (212) 682-1892
**Counsel for Plaintiff in *Baxley* Action**

Michele C. Jackson
Lieff Cabraser Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Telephone:    (415) 956-1000
Facsimile:    (415) 956-1008
**Counsel for Plaintiffs in *Frazier* Action**

David S. Stellings
Jennifer Gross
Lieff Cabraser Heimann & Bernstein, LLP
780 Third Avenue, 48th Floor
New York, NY 10017-2024
Telephone:    (212) 355-9500
Facsimile:    (212) 355-9592
**Counsel for Plaintiffs in *Frazier* Action**

Spencer Hosie
Bruce J. Wecker
Hosie McArthur LLP
One Market
Spear Street Tower, #2200
San Francisco, CA 94105
Telephone:     (415) 247-6000
Facsimile:      (415) 247-6001
**Counsel for Plaintiff in *Dickerson* Action**

Guido Saveri
R. Alexander Saveri
Geoffrey C. Rushing
Cadio Zirpoli
Saveri & Saveri, Inc.
111 Pine Street, Suite 1700
San Francisco, CA 94111
Telephone:     (415) 217-6810
Facsimile:      (415) 217-6813
**Counsel for Plaintiff in *Harman Press* Action**

Randy R. Renick
Law Offices of Randy R. Renick
128 North Fair Oaks Avenue, Suite 204
Pasadena, CA 91103
Telephone:     (626) 585-9608
Facsimile:      (626) 585-9610
**Counsel for Plaintiff in *Harman Press* Action**

Jesse A. Finkelstein
Frederick L. Cottrell, III
Chad M. Shandler
Steven J. Fineman
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
Telephone:     (302) 651-7500
Facsimile:      (302) 651-7701
**Counsel for Plaintiffs in *Advanced Micro Devices* Action**

Charles P. Diamond
Linda J. Smith
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
Telephone:     (310) 246-6800
Facsimile:      (310) 246-6779
**Counsel for Plaintiffs in *Advanced Micro Devices* Action**

Mark A. Samuels
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone:    (213) 430-6340
Facsimile:    (213) 430-6407
**Counsel for Plaintiffs in *Advanced Micro Devices* Action**

Pamela S. Tikellis
Robert J. Kriner, Jr.
A. Zachary Naylor
Robert R. Davis
Chimicles & Tikellis LLP
One Rodney Square
P.O. Box 1035
Wilmington, DE 19999
Telephone:    (302) 656-2500
Facsimile:    (302) 656-9053
**Counsel for Plaintiffs Kidwell, Reeder, Maita, JWRE, Moeller and Harms in *Kidwell* Action, and Plaintiffs Rainwater, Chapman and Yaco in *Rainwater* Action**

Francis M. Gregorek
Betsy C. Manifold
Francis A. Bottini, Jr.
Rachele R. Rickert
Wolf Haldenstein Adler Freeman & Herz LLP
750 B Street, Suite 2770
San Diego, CA 92101
Telephone:    (619) 239-4599
Facsimile:    (619) 234-4599
**Counsel for Plaintiffs Kidwell, Reeder, Maita, JWRE, Moeller and Harms in *Kidwell* Action, and Plaintiffs Rainwater, Chapman and Yaco in *Rainwater* Action**

Fred Taylor Isquith
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Avenue
New York, NY 10016
Telephone:    (212) 545-4600
Facsimile:    (212) 545-4653
**Counsel for Plaintiffs Kidwell, Reeder, Maita, JWRE, Moeller and Harms in *Kidwell* Action, and Plaintiffs Rainwater, Chapman and Yaco in *Rainwater* Action**

Mary Jane Edelstein Fait
Adam J. Levitt
Wolf Haldenstein Adler Freeman & Herz LLP
55 West Monroe Street, Suite 1111
Chicago, IL 60603
Telephone:    (312) 984-0000
Facsimile:    (312) 984-0001
**Counsel for Plaintiffs Kidwell, Reeder, Maita, JWRE, Moeller and Harms in *Kidwell* Action, and Plaintiffs Rainwater, Chapman and Yaco in *Rainwater* Action**

Ann Lugbill
2406 Auburn Avenue
Cincinnati, OH  45219
Telephone:     (513) 784-1280
Facsimile:     (513) 784-1449
**Counsel for Plaintiff Reeder in *Kidwell* Action**

Brandon N. Voelker
28 West 5th Street
Covington, KY  41011
Telephone:     (859) 491-5551
**Counsel for Plaintiff Reeder in *Kidwell* Action**

Gene Summerlin
Ogborn, Summerlin & Ogborn, P.C.
210 Windsor Place
330 South Tenth Street
Lincoln, NE  68508
Telephone:     (402) 434-8040
Facsimile:     (402) 434-8044
**Counsel for Plaintiffs JWRE, Moeller and Harms in *Kidwell* Action**

Robert J. Sharkey
Vandervoort, Christ & Fisher, PC
Fifth Third Bank Building, Suite 312
67 West Michigan Avenue
Battle Creek, MI  49017
Telephone:     (269) 965-7000
Facsimile:     (269) 965-0646
**Counsel for Plaintiff Rainwater in *Rainwater* Action**

Richard A. Lockridge
Robert K. Shelquist
Lockridge Grindal Nauen P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN  55401
Telephone:     (612) 339-6900
Facsimile:     (612) 339-0981
**Counsel for Plaintiff Chapman in *Rainwater* Action**

Noah Golden-Krasner
Law Offices of Noah Golden-Krasner
354 West Main Street
Madison, WI  53703
Telephone:     (608) 441-8924
Facsimile:     (608) 442-9494
**Counsel for Plaintiff Yaco in *Rainwater* Action**

Joel Friedlander
James G. McMillan, III
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE  19801
Telephone:     (302) 573-3500
Facsimile:     (302) 573-3501
**Counsel for Plaintiffs in *Kravitz* Action**

56625.1

Daniel Hume
David Kovel
Kirby McInerney & Squire LLP
830 Third Avenue
New York, NY 10022
Telephone: (212) 371-6600
Facsimile: (212) 751-2540
**Counsel for Plaintiffs in *Kravitz* Action**


Dated: July 11, 2005                                       THE FURTH FIRM LLP

                                               By:
                                                   Alex C. Turan (Cal. Bar. No. 227273)
                                                   THE FURTH FIRM LLP
                                                   225 Bush Street, 15th Floor
                                                   San Francisco, CA 94104
                                                   Telephone: (415) 433-2070
                                                   Facsimile: (415) 982-2076

                                                   Attorneys for Plaintiffs Michael Brauch and
                                                   Andrew Meimes

# BINGHAM McCUTCHEN

Richard A. Ripley
Direct Phone: (202) 778-6101
Direct Fax:    (202) 778-6155
richard.ripley@bingham.com

September 16, 2005

Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E.
Room G-255, North Lobby
Washington, D.C. 20002-8004

Bingham McCutchen LLP
Suite 800
1120 20th Street, NW
Washington, DC
20036-3406

202.778.6150
202.778.6155 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

Re:  In Re Microprocessor Antitrust Litigation, MDL-1717

Dear Clerk of the Panel:

Pursuant to Rules 7.2(i) and 7.5(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Intel is filing today a notice of 41 potential tag-along actions pending in various federal courts.  The MDL petition in the above captioned matter has been set for hearing by the Panel on September 29, 2005, in Asheville, North Carolina.

Enclosed please find a courtesy copy of the complaints filed in these 41 related actions as well as the 27 related actions previously noticed to this Panel.

Sincerely,

*original signed*

Richard A. Ripley
Counsel for Intel Corporation

Enclosures

cc:       Attached Service List

SF/21635872.2

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| In re Microprocessor Antitrust Litigation | MDL Docket No. 1717 |

**NOTICE OF RELATED, TAG-ALONG ACTIONS**

Pursuant to Rules 7.2(i) and 7.5(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Defendant Intel Corporation ("Intel") hereby notify the Clerk of the Panel of 41 tag-along actions.  The actions are listed in the attached table.

Defendant Intel respectfully requests these actions be consolidated with the other noticed actions in the above captioned MDL, still under consideration by this Panel and set for a hearing on September 29, 2005.

RECEIVED CLERK'S OFFICE
2005 SEP 16  P 2: 23
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

DATED:  September 16, 2005

_____

Richard A. Ripley
BINGHAM McCUTCHEN LLP
1120 20th Street, NW, Suite 800
Washington, DC  20036
Telephone:  202.778.6150
Facsimile:  202.778.6155

David M. Balabanian
Christopher B. Hockett
Joy K. Fuyuno
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, California  94111-4067
Telephone:  415.393.2000
Facsimile:  415.393.2286

Attorneys for Defendant
INTEL CORPORATION for all putative class
actions

2

# ATTACHMENT

| CASE NAME | DISTRICT COURT | DIVISION | CASE NUMBER | ASSIGNED JUDGE |
|---|---|---|---|---|
| Ian Walker, individually and on behalf of all others similarly situated, v. Intel Corporation | California | Northern | C-05-2882 | Hon. Marilyn H. Patel |
| Peter Jon Naigow, individually and on behalf of all others similarly situated v. Intel Corporation | California | Northern | C-05-2898 | Hon. Marilyn H. Patel |
| Kevin Stolz , individually and on behalf of all others similarly situated, v. Intel Corporation | California | Northern | C-05-2897 | Hon. Marilyn H. Patel |
| Patrick Hewson, individually and on behalf of all others similarly situated, v. Intel Corporation | California | Northern | C-05-2916 | Hon. Marilyn H. Patel |
| Lawrence Lang on behalf of himself and all others similarly situated v. Intel Corporation | California | Northern | C-05-2957 | Hon. Marilyn H. Patel |
| Trotter-Vogel Realty, Inc. d/b/a Prudential California Realty, individually, and on behalf of all those similarly situated, v. Intel Corporation | California | Northern | C-05-3028 | Hon. Marilyn H. Patel |
| Karol Juskiewicz, on behalf of himself and all others similarly situated, v. Intel Corporation | California | Northern | C-05-3094 | Hon. Jeffery S. White |
| Athan Uwakwe, d/b/a/ Tom Cyp Computers, individually, and on behalf of all those similarly situated, v. Intel Corporation | California | Northern | C-05-3197 | Hon. Marilyn H. Patel |

SF:21635827.2

| CASE NAME | DISTRICT COURT | DIVISION | CASE NUMBER | ASSIGNED JUDGE |
|---|---|---|---|---|
| Jose Juan, on behalf of himself and all others similarly situated, v. Intel Corporation | California | Northern | C-05-3271 | Hon. Edward M. Chen |
| Dressed to Kill Draperies, LLC, and all others similarly situated, v. Intel Corporation | California | Northern | C-05-3272 | Hon. James Larson |
| Tracy Kinder, on behalf of himself and all others similarly situated, v. Intel Corporation | California | Northern | C-05-3273 | Hon. Saundra Brown Armstrong |
| Edward Rush on behalf of himself and all others similarly situated, v. Intel Corporation | California | Northern | C-05-3277 | Hon. Elizabeth D. Laporte |
| Christian Ambrusoso on behalf of himself and all others similarly situated v. Intel Corporation | Delaware | | 1:05-cv-00505 | Hon. Joseph J. Farnan, Jr. |
| Michael E. Ludt on behalf of himself and all others similarly situated v. Intel Corporation | Delaware | | 1:05-cv-00510 | Hon. Joseph J. Farnan, Jr. |
| Paul C. Czysz, on behalf of himself and all others similarly situated, v. Intel Corporation | Delaware | | 1:05-cv-00509 | Hon. Joseph J. Farnan, Jr. |
| Elizabeth B. Baran on behalf of herself and all others similarly situated, v. Intel Corporation | Delaware | | 1:05-cv-00508 | Hon. Joseph J. Farnan, Jr. |
| Ficor Acquisition Co. LLC, Richard Caplan; Maria Pilar Salgado; Paula Nardella; Nancy Wolfe; Leslie March; | Delaware | | 1:05-cv-00515 | Hon. Joseph J. Farnan, Jr. |

| CASE NAME | DISTRICT COURT | DIVISION | CASE NUMBER | ASSIGNED JUDGE |
|---|---|---|---|---|
| Tom Hobbs; Andrew Marcus; Virginia Deering, on their own behalves and on behalf of all others similarly situated, v. Intel Corporation | | | | |
| HP Consulting Services Inc, on behalf of itself and all others similarly situated v. Intel Corporation | Delaware | | 1:05-cv-00521 | Hon. Joseph J. Farnan, Jr. |
| Fairmont Orthopedics & Sports Medicine, P.A., on behalf of itself and all others similarly situated, v. Intel Corporation | Delaware | | 1:05-cv-00519 | Hon. Joseph J. Farnan, Jr. |
| Carrol Cowan Leonard Lorenzo; Russell Dennis, individually and on behalf of all others similarly situated, v. Intel Corporation | Delaware | | 1:05-cv-00522 | Hon. Joseph J. Farnan, Jr. |
| Law Offices of Kwasi Asiedu, on behalf of itself and all others similarly situated v. Intel Corporation | Delaware | | 1:05-cv-00520 | Hon. Joseph J. Farnan, Jr. |
| Lena K. Manyin and Jason Craig, on their own behalves and on behalf of all others similarly situated, v. Intel Corporation | Delaware | | 1:05-cv-00526 | Hon. Joseph J. Farnan, Jr. |
| Joseph Samuel Cone, on behalf of himself and all others similarly situated, v. Intel Corporation | Delaware | | 1:05-cv-00531 | Hon. Joseph J. Farnan, Jr. |
| Jerome Feitelberg, on behalf of | Delaware | | 1:05-cv-00532 | Hon. Joseph J. Farnan, Jr. |

SF/21635827.2

| CASE NAME | DISTRICT COURT | DIVISION | CASE NUMBER | ASSIGNED JUDGE |
|---|---|---|---|---|
| himself and all others similarly situated, v. Intel Corporation | | | | |
| Robin S. Weeth, on behalf of himself and all others similarly situated, v. Intel Corporation | Delaware | | 1:05-cv-00533 | Hon. Joseph J. Farnan, Jr. |
| Melinda Harr, D.D.S., P.C. on behalf of itself and all others similarly situated, v. Intel Corporation | Delaware | | 1:05-cv-00537 | Hon. Joseph J. Farnan, Jr. |
| Andrew S. Cohn, on behalf of himself and all others similarly situated v. Intel Corporation | Delaware | | 1:05-cv-00539 | Hon. Joseph J. Farnan, Jr. |
| Maria Griffin, on behalf of herself and all others similarly situated, v. Intel Corporation | Delaware | | 1:05-cv-00540 | Hon. Joseph J. Farnan, Jr. |
| Henry Kornegay, on behalf of himself and all others similarly situated, v. Intel Corporation | Delaware | | 1:05-cv-00541 | Hon. Joseph J. Farnan, Jr. |
| Paul Ramos, on behalf of himself and all others similarly situated, v. Intel Corporation | Delaware | | 1:05-cv-00544 | Hon. Joseph J. Farnan, Jr. |
| Bergerson & Associates, Inc., on behalf of himself and all others similarly situated, v. Intel Corporation | Delaware | | 1:05-cv-00547 | Hon. Joseph J. Farnan, Jr. |
| David Arnold, on behalf of himself and all others similarly situated, v. Intel Corporation | Delaware | | 1:05-cv-00554 | Hon. Joseph J. Farnan, Jr. |

SF/21635827.2

| CASE NAME | DISTRICT COURT | DIVISION | CASE NUMBER | ASSIGNED JUDGE |
|---|---|---|---|---|
| Lee Pines, on behalf of himself and all others similarly situated, v. Intel Corporation | Delaware | | 1:05-cv-00560 | Hon. Joseph J. Farnan, Jr. |
| Stuart Munson, on behalf of himself and all others similarly situated, v. Intel Corporation | Delaware | | 1:05-cv-00558 | Hon. Joseph J. Farnan, Jr. |
| Phillip Boeding, on behalf of himself and all others similarly situated, v. Intel Corporation | Delaware | | 1:05-cv-00557 | Hon. Joseph J. Farnan, Jr. |
| Angel Genese Gideon Elliot Nir Goldman, on behalf of themselves and all others similarly situated, v. Intel Corporation | Delaware | | 1:05-cv-00556 | Hon. Joseph J. Farnan, Jr. |
| Damon DiMarco individually and on behalf of all others similarly situated v. Intel Corporation | Delaware | | 1:05-cv-00627 | Hon. Joseph J. Farnan, Jr. |
| Justin Suarez on behalf of himself and all others similarly situated, v. Intel Corporation | California | Southern | 05-CV-1507 | Hon. Thomas J. Whelan |
| Nathaniel Schwartz, individually and on behalf of all others similarly situated v. Intel Corporation | Florida | Southern | 05-22262 | Hon. Jose E. Martinez |
| Andrew Armbrister and Melissa Armbrister, on behalf of themselves and all others similarly situated, v. Intel Corporation | Tennessee | Eastern | 2:05-cv-212 | Hon. J. Ronnie Greer |

SF/21635927.2

RECEIVED
CLERK'S OFFIC

2005 SEP 13 P 3

ICIAL PANEL
MULTIDISTRIC
LITIGATION

# BEFORE THE JUDICIAL PANEL
# ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re Microprocessor Antitrust Litigation | MDL Docket No. 1717 |

## AMENDED PROOF OF SERVICE

PROOF OF SERVICE

I am over eighteen years of age, not a party in this action, and employed in 0 County, District of Columbia at 1120 20th Street, NW, Suite 800, Washington, District of Columbia 20036-3406. I am readily familiar with the practice of this office for collection and processing of correspondence for mail delivery, and they are deposited that same day in the ordinary course of business.

On September 13, 2005, I served the attached to the following entities:

**NOTICE OF PRESENTATION OR WAIVER OF ORAL ARGUMENT**

☐ (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

X (BY MAIL) by causing a true and correct copy of the above to be placed in the United States Mail at Washington, District of Columbia in sealed envelope(s) with postage prepaid, addressed as set forth below. I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence is deposited with the United States Postal Service the same day it is left for collection and processing in the ordinary course of business.

☐ (EXPRESS MAIL/OVERNIGHT DELIVERY) by causing a true and correct copy of the document(s) listed above to be delivered by _____ in sealed envelope(s) with all fees prepaid at the address(es) set forth below.

☐ (PERSONAL SERVICE) by causing a true and correct copy of the above documents to be hand delivered in sealed envelope(s) with all fees fully paid to the person(s) at the address(es) set forth below.

PROOF OF SERVICE

1

## PLAINTIFFS' COUNSEL

**The Furth Firm, LLP**
Michael P. Lehmann
Thomas P. Dove
Alex C. Turan
225 Bush Street, 15th Floor
San Francisco, CA 94104-4249
Telephone: (415) 433-2070
Facsimile: (415) 982-2076

*Brauch, and Meimes v. Intel Corp.,*
*Allanoff, et al. v. Intel Corp., Lazio*
*Family Prods., et al. v. Intel Corp.,*
*Roach v. Intel Corp.*

**Law Offices of Jeffrey F. Keller**
Jeffrey F. Keller
Kathleen R. Scanlan
425 Second Street, Suite 500
San Francisco, CA 94107
Telephone: (415) 543-1305
Facsimile: (415) 543-7861

*Stoltz, et al. v. Intel Corp., Naigow, et*
*al. v. Intel Corp.*

**O'Melveny & Myers LLP**
Charles P. Diamond
Linda J. Smith
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
Telephone: (310) 246-6800
Facsimile: (310) 246-6779

*AMD, AMD International Sales &*
*Service, Ltd. v. Intel Corp.*

**Chimicles & Tikellis LLP**
Pamela S. Tikellis
Robert J. Kriner, Jr.
A. Zachary Naylor
Robert R. Davis
On Rodney Square
P.O. Box 1035
Wilmington, DE 19999
Telephone: (302) 656-2500
Facsimile: (302) 656-9053

*Volden, et al. v. Intel Corp., Ludt v.*
*Intel Corp., Czysz v. Intel Corp.,*
*Baran v. Intel Corp., Cowan, et al. v.*
*Intel Corp., Ficor Acquisition Co. LLC*
*d/b/a Mills & Greer Sporting Goods;*
*Richard Caplan; Maria Pilar*
*Salgado; Paula Nardella; Nancy*
*Wolfe; Leslie March; Tom Hobbs;*
*Andrew Marcus; Virginia Deering v.*
*Intel Corp., Genese, et al. v. Intel*
*Corp., DiMarco v. Intel Corp.*

PROOF OF SERVICE

2

**Bouchard, Margules & Friedlander, PA**
Joel Friedlander
James G. McMillan, III
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Telephone: (302) 573-3500
Facsimile: (302) 573-3501

*Kravitz, and Allison v. Intel Corp.*

**Lieff, Cabraser, Heimann & Bernstein, LLP**
Michele C. Jackson
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Frazier, Frazier and Weiner v. Intel Corp.*

**Hosie McArthur LLP**
Spencer Hosie
Bruce J. Wecker
One Market Street
Spear Street Tower #2200
San Francisco, CA 94105
Telephone: (415) 247-6000
Facsimile: (415) 247-6001

*Dickerson v. Intel Corp.*

**Saveri & Saveri, Inc.**
Guido Saveri
R. Alexander Saveri
Geoffrey C. Rushing
Cadio Zirpoli
111 Pine Street, Suite 1700
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*The Harman Press, et al. v. Intel Corp., Shanghai 1930 Restaurant Partners, LP, et al. v. Intel Corp., Major League Softball, Inc. v. Intel Corp.*

PROOF OF SERVICE

**Prickett, Jones & Elliott PA**
James L. Holzman
1310 King Street
P.O. Box 1328
Wilmington, DE 19899
Telephone: (302) 888-6509
Facsimile: (302) 658-8111

*Paul v. Intel Corp., Fairmont
Orthopedics & Sports Medicine P.A.
v. Intel Corp., Feitelberg, et al. v. Intel
Corp., Harr v. Intel Corp., Ambruoso
v. Intel Corp., HP Consulting Services,
Inc. v. Intel Corp., Law Office of
Kwasi Asiedu v. Intel Corp., Weeth v.
Intel Corp., Kornegay v. Intel Corp.,
Bergerson & Associates, Inc. v. Intel
Corp., Salpeter, et al. v. Intel Corp.,
Boeding v. Intel Corp., Munson v.
Intel Corp., Pines v. Intel Corp.*

**Schmittinger & Rodriguez, PA**
Scott E. Chambers
414 State Street
P.O. Box 497
Dover, DE 19903
Telephone: (302) 674-0140
Facsimile: (302) 674-1830

*Ruccolo v. Intel Corp., Manyin, et al.
v. Intel Corp., Cohn v. Intel Corp.,
Griffin v. Intel Corp., Paul Ramos v.
Intel Corp.*

**Zelle, Hofmann, Voelbel, Mason &
Gette, LLP**
Craig C. Corbitt
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone: (415) 693-0700
Facsimile: (415) 693-0770

*Law Offices of Laurel Stanley, et al. v.
Intel Corp.*

**Rosenthal, Monhait, Gross &
Goddess**
Jeffrey S. Goddess
Mellon Bank Center, Suite 1401
P.O. Box 1070
Wilmington, DE 19899-1070
Telephone: (302) 656-4433
Facsimile: (302) 658-7567

*Simon v. Intel Corp., Chacon and Russ
v. Intel Corp., Cone v. Intel Corp.*

**Trump, Alioto, Trump & Prescott**
Mario Nunzio Alioto
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679

*Lang v. Intel Corp.*

**Cotchett, Pitre, Simon & McCarthy**
Joseph Cotchett
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*Trotter-Vogel Realty, et al. v. Intel
Corp.*

**Law Offices of Joseph M. Patane**
Joseph M. Patane
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0677

*Karol Juskiewicz v. Intel Corp.*

**Post Kirby Noonan & Sweat LLP**
Michael L. Kirby
Jonathan A. Boynton
One America Plaza
600 West Broadway, Suite 1100
San Diego, CA 92101
Telephone: (619) 231-8666
Facsimile: (619) 231-9593

*Justin Suarez v. Intel Corp.*

**Hagens Berman Sobol Shapiro, LLP**
Steve W. Berman
1301 Fifth Avenue
Suite 2900
Seattle, WA 98101

*Hamilton v. Intel Corp., Lipton, and Thibedeau v. Intel Corp., Niehaus v. Intel Corp., Prohias, et al v. Intel Corp., Konieczka v. Intel Corp., Schwartz v. Intel*

**Reinhardt, Wendorf & Blanfield**
Garrett D. Blanchfield, Jr.
E1250 First National Bank Building
332 Minnesota Street
St. Paul, MN 55101

*Baxley v. Intel Corp.*

**Wolf Haldenstein Adler Freeman & Herz LLC**
Fred T. Isquith
270 Madison Avenue
11th Floor
New York, NY 10016

*Kidwell, Maita, JWRE Inc., Moeller, and Harms v. Intel Corp., Rainwater, Chapman, Reeder, and Yaco v. Intel Corp.*

**Glassman, Edwards, Wade & Wyatt, P.C.**
B.J. Wade
26 North Second Street
Memphis, TN 38103

*Wiles v. Intel Corp.*

PROOF OF SERVICE

5

**Drummond & Associates**
Donald F. Drummond
One Calfornia Street
Suite 300
San Francisco, CA 94111
Telephone: (415) 433-2261
Facsimile: (415) 438-9819

*Juan v. Intel Corp., Dressed to Kill Draperies, LLC v. Intel Corp., Kinder v. Intel Corp., Rush v. Intel Corp.*

**Spector, Roseman & Kodroff, P.C.**
Eugene A. Spector
Jeffrey L. Kodroff
Jeffrey J. Corringan
Bill Caldes
1818 Market Street
Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

*Arnold v. Intel Corp.*

**Goodkind, Labaton, Rudoff & Sucharow LLP**
Hollis L. Salzman
Kellie Safar
100 Park Avenue
New York, New York 10017
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Genese, et al. v. Intel Corp.*

**Kirby, McInerney & Squire LLP**
Daniel Hume.
David Kovel
830 Third Avenue
New York, NY 10022
Telephone: (212) 371-6600

*Kravitz and Allison v. Intel*

**Schmittinger & Rodriguez, P.A.**
Scott E. Chambers
Jeffrey J. Clark
414 South State Street
P.O. Box 497
Dover, DE 19903
Telephone: (302) 674-0140

*Arnold v. Intel Corp.*

**The Law Offices of Randy M. Weber, P.A.**
777 Brickell Avenue
Suite 1114
Miami, FL 33131
Telephone: (305) 536-3434
Facsimile: (305) 536-3433

*Arnold v. Intel Corp.*

**Barrack Rodos & Bacine**
Mark Rosen
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-0600
Facsimile: (215) 963-0838

*Simon v. Intel*

**Trujillo Rodriguez & Richards LLP**
Ira Neil Richards
The Penthouse
226 W. Rittenhouse Square
Philadelphia, PA 19103
Telephone: (215) 731-9004

*Chacon and Russ v. Intel*

PROOF OF SERVICE

6

**Mager & Goldstein LLP**
Jayne A. Goldstein
2825 University Drive, Suite 350
Coral Springs, FL  33065
Telephone:  (954) 341-0844

*Ficor Acquisition Co. LLC d/b/a Mills & Greer Sporting Goods; Richard Caplan; Maria Pilar Salgado; Paula Nardella; Nancy Wolfe; Leslie March; Tom Hobbs; Andrew Marcus; Virginia Deering  v. Intel Corp.,*

**Finkelstein, Thompson & Loughran**
Shannon P. Cereghimo
Ali Oromchian
Christine G. Pedigo
601 Montgomery Street, Suite 665
San Francisco, CA 94111

*Walker v. Intel Corp.*

**Ross, Dixon & Bell LLP**
Roy M. Bell
Jason S. Hartley
550 West B. Street, suite 400
San Diego, CA  92101
Telephone:  (619) 235-4040

*Gabriella Herroeder-Perras v. Intel*

**Ball & Scott**
Gordon Ball
550 W. Main Ave., Ste. 750
Knoxsville, TN, 37902

*Armbrister v. Intel Corp.*

     I declare that I am employed in the office of a member of the bar of this District of Columbia at whose direction the service was made and that this declaration was executed on September 13, 2005, at Washington, District of Columbia.

                                        E. Thanh Knudson

1    Bingham McCutchen LLP
     DAVID M. BALABANIAN (SBN 37368)
2    CHRISTOPHER B. HOCKETT (SBN 121539)
     JOY K. FUYUNO (SBN 193890)
3    Three Embarcadero Center
     San Francisco, CA  94111-4067
4    Telephone:  (415) 393-2000
     Facsimile:  (415) 393-2286
5
     Attorneys for Defendant
6    Intel Corporation

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12   LAWRENCE LANG, on behalf of himself and       No. C-05-2957-MHP
     all others similarly situated,
13                                                 STIPULATION AND [PROPOSED]
                       Plaintiff,                  ORDER TO CONTINUE FILING DATE
14        v.                                       FOR DEFENDANT'S RESPONSE TO
                                                   PLAINTIFF'S COMPLAINT
15   INTEL CORPORATION, a Delaware
     corporation,
16
                       Defendant.
17

18           IT IS STIPULATED BY AND BETWEEN THE PARTIES, THROUGH THEIR

19   COUNSEL AS FOLLOWS:

20           Pursuant to Civil Local Rule 6-2, Plaintiff Lawrence Lang and Defendant Intel

21   Corporation hereby stipulate that Intel Corporation's response to Plaintiff's complaint shall be

22   due either 60 days after transfer of the above captioned case pursuant to any motion to coordinate

23   or consolidate pre-trial proceedings per 28 U.S.C. Section 1407 or, in the alternative, 45 days

24   after any such motion has been denied.  The parties request this extension of time to answer or

25   otherwise respond because the plaintiffs in *Brauch, et al. v. Intel Corp.*, No. C 05-2743 (BZ)

26

_____

             STIPULATION AND [PROPOSED] ORDER TO CONTINUE RESPONSE DATE

1   (N.D. Cal., filed July 5, 2005), a related matter, have filed a petition to coordinate or consolidate

2   pre-trial proceedings per 28 U.S.C. Section 1407, and the above-styled action has been identified

3   as a related action to that petition. As a result the outcome of the pending petition will impact

4   significantly the schedule of this case.

5          This is the first stipulation between the parties. Because this litigation has just

6   begun, granting such a stipulation will not have any negative impact on the schedule of this case.

7   IT IS HEREBY STIPULATED.
    DATED: August 11, 2005
8

9                          Bingham McCutchen LLP

10

11
                           By:_____/s/ Joy K. Fuyuno_____
12                                   JOY K. FUYUNO
                                  Attorneys for Defendant
13                                   Intel Corporation

14  DATED: August 16, 2005

15
                           Trump, Alioto, Trump and Prescott
16

17

18                         By:_____/s/ Mario N. Alioto_____
                                   MARIO N. ALIOTO
19                                Attorneys for Plaintiff
                                   Lawrence Lang
20

21

22

23

24

25

26

                                         2

─────────────────────────────────────────────────────────────

STIPULATION AND [PROPOSED] ORDER TO CONTINUE RESPONSE DATE

SF/21630891.1

1

2 [PROPOSED] ORDER TO CONTINUE DEFENDANT'S RESPONSE DATE

3     IT IS HEREBY ORDERED that Defendant Intel Corporation's response to

4 Plaintiff's complaint shall be due either 60 days after transfer of the above captioned case

5 pursuant to any motion to coordinate or consolidate pre-trial proceedings per 28 U.S.C. Section

6 1407, or, in the alternative, 45 days after any such motion has been denied.

7 **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

8 Dated: August 19, 2005

9

10     Honorable Marilyn H. Patel
    United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

3

STIPULATION AND [PROPOSED] ORDER TO CONTINUE RESPONSE DATE

SF/21630891.1

1   Bingham McCutchen LLP
    DAVID M. BALABANIAN (SBN 37368)
2   CHRISTOPHER B. HOCKETT (SBN 121539)
    JOY K. FUYUNO (SBN 193890)
3   Three Embarcadero Center
    San Francisco, CA  94111-4067
4   Telephone:  (415) 393-2000
    Facsimile:  (415) 393-2286
5
    Attorneys for Defendant
6   Intel Corporation

7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12  JOSE JUAN, on behalf of himself and all others         No. C-05-3271 (MHP)
    similarly situated,
13                                                          [PROPOSED] ORDER TO ENLARGE
                    Plaintiff,                              DEFENDANT'S RESPONSE DATE
14          v.

15  INTEL CORPORATION,

16                  Defendant.

17

18          IT IS HEREBY ORDERED that Defendant Intel Corporation's response to

19  Plaintiff's complaint shall be due either 60 days after transfer of the above-captioned case

20  pursuant to any motion to coordinate or consolidate pre-trial proceedings per 28 U.S.C. Section

21  1407, or, in the alternative, 45 days after any such motion has been denied.

22  DATED:  October __, 2005         _____

23                                        Honorable Marilyn H. Patel

24

25

26

[PROPOSED] ORDER TO ENLARGE DEFENDANT'S RESPONSE DATE

1    Bingham McCutchen LLP
     DAVID M. BALABANIAN (SBN 37368)
2    CHRISTOPHER B. HOCKETT (SBN 121539)
     JOY K. FUYUNO (SBN 193890)
3    Three Embarcadero Center
     San Francisco, CA  94111-4067
4    Telephone:  (415) 393-2000
     Facsimile:  (415) 393-2286
5

6    Attorneys for Defendant
     Intel Corporation

7

8                  UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11

12   JOSE JUAN, on behalf of himself and all others     No. C-05-3271 (MHP)
     similarly situated,
13                        [PROPOSED] ORDER TO ENLARGE
           Plaintiff,            DEFENDANT'S RESPONSE DATE
14      v.

15   INTEL CORPORATION,

16           Defendant.

17

18         IT IS HEREBY ORDERED that Defendant Intel Corporation's response to

19   Plaintiff's complaint shall be due either 60 days after transfer of the above-captioned case

20   pursuant to any motion to coordinate or consolidate pre-trial proceedings per 28 U.S.C. Section

21   1407, or, in the alternative, 45 days after any such motion has been denied.

22   DATED:  October __, 2005

23                       Honorable Marilyn H. Patel

24

25

26

                          Judge Marilyn H. Patel

                           Case No. C-05-3271 (MHP)

1   BINGHAM McCUTCHEN LLP
    DAVID M. BALABANIAN (SBN 37368)
2   CHRISTOPHER B. HOCKETT (SBN 121539)
    JOY K. FUYUNO (SBN 193890)
3   Three Embarcadero Center
    San Francisco, CA  94111-4067
4   Telephone:  (415) 393-2000
    Facsimile:  (415) 393-2286
5

    Attorneys for Defendant
6   Intel Corporation

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12  JOSE JUAN, on behalf of himself and all        No. C-05-3271-MHP
    others similarly situated,
13                                                  **STIPULATION AND [PROPOSED]**
                       Plaintiff,                   **ORDER TO STAY DATES, EVENTS**
14                                                  **AND DEADLINES PENDING THE**
            v.                                      **OUTCOME OF THE MOTION TO**
15                                                  **TRANSFER AND COORDINATE OR**
    INTEL CORPORATION, a Delaware                   **CONSOLIDATE PURSUANT TO**
16  corporation,                                    **28 U.S.C. § 1407**

17                     Defendant.

18

19          WHEREAS, on August 10, 2005, Plaintiff filed the instant action in the Northern

20  District of California ("Juan Action");

21          WHEREAS, on or about July 11, 2005, the plaintiffs in *Brauch, et al. v. Intel*

22  *Corp.*, No. C 05-2743 (BZ) (N. D. Cal., filed July 5, 2005), a related matter, moved before the

23  Judicial Panel on Multi-District Litigation ("MDL"), to transfer and coordinate or consolidate for

24  pre-trial proceedings pursuant to 28 U.S.C. § 407 ("MDL Motion"), and the Juan Action has

25  been identified as a related action subject to that motion;

26

SF/21642115.1                                              Case No. C 05-3271 (MHP)

STIPULATION AND [PROPOSED] ORDER TO STAY DATES, EVENTS AND DEADLINES

1    WHEREAS, on or about September 29, 2005, Judge Patel issued a Related Case

2    Order relating this case to an earlier filed case assigned to her, and canceling or staying certain

3    but not all dates, events and deadlines in the action;

4    WHEREAS, to date, a decision has not been rendered on the MDL Motion;

5    WHEREAS, the outcome of the MDL Motion will impact significantly the

6    schedule of this case;

7    THEREFORE, IT IS HEREBY STIPULATED, pursuant to Civil Local Rule 6-2,

8    by and among counsel for Plaintiff Juan, and counsel for Defendant Intel Corporation, that any

9    events, dates or deadlines set by the Local Rules or Federal Rules of Civil Procedure, including

10   the Local Rules for Alternative Dispute Resolution ("ADR Local Rules") and Federal Rules of

11   Civil Procedure 16 and 26, and any deadlines established in any case management order

12   applicable to this case should be stayed pending the outcome of the aforementioned MDL

13   Motion; and

14   IT IS FURTHER STIPULATED by the aforementioned parties that if a case

15   management conference is rescheduled by the Court, the parties shall adjust the dates for any

16   conference, disclosures or reports required by the Local Rules or Federal Rules of Civil

17   Procedure, including the ADR Local Rules and Federal Rules of Civil Procedure 16 and 26

18   accordingly.

19   IT IS HEREBY STIPULATED.

20   Dated:  November 1, 2005                    DRUMMOND & ASSOCIATES

21

22                                              By:_____/s/ Donald F. Drummond_____
                                                      Donald F. Drummond
23                                                    Attorneys for Plaintiff
                                                      Jose Juan
24

25

26

STIPULATION AND [PROPOSED] ORDER TO STAY DATES, EVENTS AND DEADLINES

Dated: November 1, 2005

BINGHAM McCUTCHEN LLP

By: _____ /s/ Joy K. Fuyuno ____
Joy K. Fuyuno
Attorneys for Defendant
Intel Corporation

**[PROPOSED] ORDER TO STAY DATES, EVENTS AND DEADLINES
PENDING THE OUTCOME OF THE MDL MOTION**

Any events, dates or deadlines set by the Local Rules or Federal Rules of Civil

Procedure, including the Local Rules for Alternative Dispute Resolution ("ADR Local Rules")

and Federal Rules of Civil Procedure 16 and 26, and any deadlines established in any case

management order applicable to this case are hereby stayed pending the outcome of the motion

to transfer and coordinate or consolidate pursuant to 28 U.S.C. § 1407 ("MDL Motion").

Upon the determination of the MDL Motion, if it is necessary for the Court to

reschedule a case management conference, the parties shall adjust the dates for any conference,

disclosures or reports required by the ADR Local Rules and Federal Rules of Civil Procedure 16

and 26 accordingly.

The parties shall notify the Clerk of Court within 10 days of the decision on the

MDL Motion.

**IT IS SO ORDERED.**

Dated:_____        _____

Honorable Marilyn H. Patel
United States District Court Judge

STIPULATION AND [PROPOSED] ORDER TO STAY DATES, EVENTS AND DEADLINES

**FILED**

NOV - 8 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  BINGHAM McCUTCHEN LLP
   DAVID M. BALABANIAN (SBN 37368)
2  CHRISTOPHER B. HOCKETT (SBN 121539)
   JOY K. FUYUNO (SBN 193890)
3  Three Embarcadero Center
   San Francisco, CA  94111-4067
4  Telephone:  (415) 393-2000
   Facsimile:  (415) 393-2286
5
   Attorneys for Defendant
6  Intel Corporation

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11

12  JOSE JUAN, on behalf of himself and all      No. C-05-3271-MHP
    others similarly situated,
13                                               STIPULATION AND [PROPOSED]
                 Plaintiff,                      ORDER TO STAY DATES, EVENTS
14          v.                                   AND DEADLINES PENDING THE
                                                 OUTCOME OF THE MOTION TO
15  INTEL CORPORATION, a Delaware                TRANSFER AND COORDINATE OR
    corporation,                                 CONSOLIDATE PURSUANT TO
16                                               28 U.S.C. § 1407
                 Defendant.
17

18

19          WHEREAS, on August 10, 2005, Plaintiff filed the instant action in the Northern

20  District of California ("Juan Action");

21          WHEREAS, on or about July 11, 2005, the plaintiffs in *Brauch, et al. v. Intel

22  Corp.*, No. C 05-2743 (BZ) (N. D. Cal., filed July 5, 2005), a related matter, moved before the

23  Judicial Panel on Multi-District Litigation ("MDL"), to transfer and coordinate or consolidate for

24  pre-trial proceedings pursuant to 28 U.S.C. § 407 ("MDL Motion"), and the Juan Action has

25  been identified as a related action subject to that motion;

26

1             WHEREAS, on or about September 29, 2005, Judge Patel issued a Related Case

2  Order relating this case to an earlier filed case assigned to her, and canceling or staying certain

3  but not all dates, events and deadlines in the action;

4             WHEREAS, to date, a decision has not been rendered on the MDL Motion;

5             WHEREAS, the outcome of the MDL Motion will impact significantly the

6  schedule of this case;

7             THEREFORE, IT IS HEREBY STIPULATED, pursuant to Civil Local Rule 6-2,

8  by and among counsel for Plaintiff Juan, and counsel for Defendant Intel Corporation, that any

9  events, dates or deadlines set by the Local Rules or Federal Rules of Civil Procedure, including

10  the Local Rules for Alternative Dispute Resolution ("ADR Local Rules") and Federal Rules of

11  Civil Procedure 16 and 26, and any deadlines established in any case management order

12  applicable to this case should be stayed pending the outcome of the aforementioned MDL

13  Motion; and

14            IT IS FURTHER STIPULATED by the aforementioned parties that if a case

15  management conference is rescheduled by the Court, the parties shall adjust the dates for any

16  conference, disclosures or reports required by the Local Rules or Federal Rules of Civil

17  Procedure, including the ADR Local Rules and Federal Rules of Civil Procedure 16 and 26

18  accordingly.

19            IT IS HEREBY STIPULATED.

20  Dated: November 1, 2005        DRUMMOND & ASSOCIATES

21

22            By:_____ /s/ Donald F. Drummond ____
                        Donald F. Drummond
23                     Attorneys for Plaintiff
                        Jose Juan

24

25

26

SF/21642115.1          2        Case No. C 05-3271 (MHP)

STIPULATION AND [PROPOSED] ORDER TO STAY DATES, EVENTS AND DEADLINES

1   Dated:  November 1, 2005                    BINGHAM McCUTCHEN LLP

2

3                                              By: _____ /s/ Joy K. Fuyuno _____

4                                                      Joy K. Fuyuno
                                                   Attorneys for Defendant
5                                                   Intel Corporation

6        [PROPOSED] ORDER TO STAY DATES, EVENTS AND DEADLINES
              PENDING THE OUTCOME OF THE MDL MOTION
7

8              Any events, dates or deadlines set by the Local Rules or Federal Rules of Civil

9   Procedure, including the Local Rules for Alternative Dispute Resolution ("ADR Local Rules")

10  and Federal Rules of Civil Procedure 16 and 26, and any deadlines established in any case

11  management order applicable to this case are hereby stayed pending the outcome of the motion

12  to transfer and coordinate or consolidate pursuant to 28 U.S.C. § 1407 ("MDL Motion").

13             Upon the determination of the MDL Motion, if it is necessary for the Court to

14  reschedule a case management conference, the parties shall adjust the dates for any conference,

15  disclosures or reports required by the ADR Local Rules and Federal Rules of Civil Procedure 16

16  and 26 accordingly.

17             The parties shall notify the Clerk of Court within 10 days of the decision on the

18  MDL Motion.

19  IT IS SO ORDERED.

20  Dated:_____11/7/05_____          _____

21                                        Honorable Marilyn H. Patel
                                       United States District Court Judge
22

23

24

25

26

STIPULATION AND [PROPOSED] ORDER TO STAY DATES, EVENTS AND DEADLINES

**BINGHAM McCUTCHEN**

Joy K. Fuyuno
Direct Phone:  (415) 393-2386
joy.fuyuno@bingham.com

November 17, 2005

**Via E-Filing**

The Honorable Marilyn H. Patel
United States District Court, Northern District of California
450 Golden Gate Avenue
Courtroom 15, 18ᵗʰ Floor
San Francisco, CA  94102

Re:   **(1) *Lipton v. Intel Corp.*, No.C-05-2669-MHP; (2) *Prohias v. Intel Corp.*, No. C-05-2699-MHP; (3) *Konieczka v. Intel Corp.*, No. C-05-2700-MHP; (4) *Niehaus v. Intel Corp.*, No. C-05-2720-MHP; (5) *Hamilton v. Intel Corp.*, No. C-05-2721-MHP; (6) *Brauch v. Intel Corp.*, No. C-05-2743-MHP; (7) *Baxley v. Intel Corp.*, No. C-05-2758-MHP; (8) *Frazier v. Intel Corp.*, No. C-05-2813-MHP; (9) *Dickerson v. Intel Corp.*, No. C-05-2818-MHP; (10) *The Harman Press v. Intel Corp.*, No. C-05-2823-MHP; (11) *Shanghai 1930 Restaurant v. Intel Corp.*, No. C-05-2830-MHP; (12) *Benjamin Allanoff v. Intel Corp.*, No. C-05-2834-MHP; (13) *Major League Softball, Inc. v. Intel Corp.*, No. C-05-2831-MHP; (14) *Lazio Family Products v. Intel Corp.*, No. C-05-2859-MHP; (15) *Law Offices Laurel Stanley & Wm. Cronin v. Intel Corp.*, No. C-05-2858-MHP; (16) *Walker v. Intel Corp.*, No. C-05-2882-MHP; (17) *Naigow v. Intel Corp.*, No. C-05-2898-MHP; (18) *Stoltz v. Intel Corp.*, No. C-05-2897-MHP; (19) *Hewson v. Intel Corp.*, No. C-05-2916-MHP; (20) *Lang v. Intel Corp.*, No. C-05-2957-MHP; (21) *Trotter-Vogel Realty, Inc. d/b/a Prudential California Realty v. Intel Corp.*, No. C-05-3028-MHP; (22) *Juskiewicz v. Intel Corp.*, No. C-05-3094-MHP; (23) *Uwakwe, d/b/a/ Tom Cyp Computers v. Intel Corp.*, No. C-05-3197-MHP; (24) *Juan v. Intel Corp.*, No. C-05-3271-MHP; (25) *Dressed to Kill Draperies, LLC, v. Intel Corp.*, No. C-05-3272-MHP; (26) *Kinder v. Intel Corp.*, No. C-05-3273-MHP; (27) *Rush v. Intel Corp.*, No. C-05-3277-MHP**

Dear Judge Patel:

Per the stipulations and orders entered in the above captioned cases,[1] I am writing to notify the Court of the MDL transfer order entered November 8, 2005, a copy of which is

--------

[1] Orders were entered in most of the cases staying all dates and requiring notification to the Court of entry of the MDL decision.  Stipulations staying all dates pending the MDL decision were filed in all cases except one (*Dickerson*), in which the parties agreed to the terms of the stipulation but which was not yet signed when the MDL decision issued.

Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA
94111-4067

415.393.2000
415.393.2286 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

Hon. Marilyn H. Patel
November 17, 2005
Page 2

Bingham McCutchen LLP
bingham.com

attached. The Judicial Panel on Multidistrict Litigation has ordered that the following 10 actions originally filed in the Northern District of California against Intel Corporation be centralized under 28 U.S.C. § 1407 in the District of Delaware as MDL 1717 (*In re Intel Corp. Microprocessor Antitrust Litigation*):

(1) *Lipton v. Intel Corp.*, No. C-05-2669-MHP; (2) *Prohias v. Intel Corp.*, No. C-05-2699-MHP; (3) *Konieczka v. Intel Corp.*, No. C-05-2700-MHP; (4) *Niehaus v. Intel Corp.*, No. C-05-2720-MHP; (5) *Hamilton v. Intel Corp.*, No. C-05-2721-MHP; (6) *Brauch v. Intel Corp.*, No. C-05-2743-MHP; (7) *Baxley v. Intel Corp.*, No. C-05-2758-MHP; (8) *Frazier v. Intel Corp.*, No. C-05-2813-MHP; (9) *Dickerson v. Intel Corp.*, No. C-05-2818-MHP; and (10) *The Harman Press v. Intel Corp.*, No. C-05-2823-MHP.

Tagalong notices have been filed for the following other 17 Northern District of California actions against Intel, for which conditional transfer orders should be issued soon:

(1) *Shanghai 1930 Restaurant v. Intel Corp.*, No. C-05 2830-MHP; (2) *Benjamin Allanoff v. Intel Corp.*, No. C-05-2834-MHP; (3) *Major League Softball, Inc. v. Intel Corp.*, No. C-05-2831-MHP; (4) *Lazio Family Products v. Intel Corp.*, No. C-05-2859-MHP; (5) *Law Offices Laurel Stanley & Wm. Cronin v. Intel Corp.*, No. C-05-2858-MHP; (6) *Walker v. Intel Corp.*, No. C-05-2882-MHP; (7) *Naigow v. Intel Corp.*, No. C-05-2898-MHP; (8) *Stoltz v. Intel Corp.*, No. C-05-2897-MHP; (9) *Hewson v. Intel Corp.*, No. C-05-2916-MHP; (10) *Lang v. Intel Corp.*, No. C-05-2957-MHP; (11) *Trotter-Vogel Realty, Inc. d/b/a Prudential California Realty v. Intel Corp.*, No. C-05-3028-MHP; (12) *Juskiewicz v. Intel Corp.*, No. C-05-3094-MHP; (13) *Uwakwe, d/b/a/ Tom Cyp Computers v. Intel Corp.*, No. C-05-3197-MHP; (14) *Juan v. Intel Corp.*, No. C-05-3271-MHP; (15) *Dressed to Kill Draperies, LLC, v. Intel Corp.*, No. C-05-3272-MHP; (16) *Kinder v. Intel Corp.*, No. C-05-3273-MHP; (17) *Rush v. Intel Corp.*, No. C-05-3277-MHP.

It is our understanding that the plaintiffs in these tagalong actions will not contest the conditional transfer orders.

Respectfully submitted,

Joy K. Fuyuno
Counsel for Intel Corporation

Attachment

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge John F. Keenan
United States District Court
Southern District of New York

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

**DIRECT REPLY TO:**
Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax: [202] 502-2888

http://www.jpml.uscourts.gov

November 8, 2005

TO INVOLVED COUNSEL

Re: MDL-1717 -- In re Intel Corp. Microprocessor Antitrust Litigation

(See Attached Schedule A of Order)

Dear Counsel:

I am enclosing a copy of a Panel transfer order filed today in the above-captioned matter.

The Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425 (2001), and specifically, Rules 1.1, 7.4 and 7.5, refer to "tag-along" actions. Please familiarize yourself with these Rules for your future reference. With regard to Rule 7.5, you need only provide this office with a copy of the complaint which you feel qualifies as a "tag-along" action and informally request that our "tag-along" procedures be utilized to transfer the action to the transferee district. If you have any questions regarding procedures used by the Panel, please telephone this office.

Very truly,

Michael J. Beck
Clerk of the Panel

By _____
Deputy Clerk

Enclosure

JPML Form 35

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV - 8 2005

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1717*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE INTEL CORP. MICROPROCESSOR ANTITRUST LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

*TRANSFER ORDER*

This litigation currently consists of fourteen actions listed on the attached Schedule A and pending in two districts as follows: ten actions in the Northern District of California and four actions in the District of Delaware.[1] Pursuant to 28 U.S.C. § 1407, plaintiffs in one Northern District of California action originally moved for centralization of this docket in their California district, but they now favor selection of the District of Delaware as transferee forum. Plaintiff in one of the Delaware actions, Advanced Micro Devices, Inc. (AMD), has stated that it does not object to centralization in the District of Delaware, so long as the Panel orders that AMD's action be allowed to proceed on a separate track within the Section 1407 proceedings. All other responding parties, (i.e, plaintiffs in eight of the nine remaining California actions, the plaintiffs in the three remaining Delaware actions, common defendant Intel Corp., and plaintiffs in various District of Delaware and Northern and Southern District of California potential tag-along actions) support centralization without qualification. With but one exception, all of these additional respondents also support designation of the District of Delaware as transferee forum. The lone dissenter on this point is the plaintiff in a Southern District of California potential tag-along action, who favors centralization in his California district.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of Delaware will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions involve allegations that common defendant Intel Corp. monopolized and unlawfully maintained a monopoly in the market for the microprocessing chips that serve as the "brains" of most modern computers. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect

---

[1] The Panel has been notified of additional related actions recently filed in the Northern and Southern Districts of California, the District of Delaware, the Southern District of Florida, and the Eastern and Western Districts of Tennessee. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

to class certification matters), and conserve the resources of the parties, their counsel and the judiciary. Transfer under Section 1407 will have the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: i) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and ii) ensures that pretrial proceedings will be conducted in a manner leading to a just and expeditious resolution of the actions to the benefit of not just some but all of the litigation's parties. We decline to grant AMD's request to issue specific instructions that could limit the discretion of the transferee court to structure this litigation as it sees fit. As Section 1407 proceedings evolve in the transferee district, AMD may wish to renew its argument that the nature of its claims and/or its status as a litigant would warrant separate tracking for its action within the centralized MDL-1717 proceedings. That argument is one to be addressed to the transferee court, however, and not to the Panel.

In concluding that the District of Delaware is an appropriate forum for this docket, we observe that i) the district is an accessible location that is geographically convenient for many of this docket's litigants and counsel; ii) the district is well equipped with the resources that this complex antitrust docket is likely to require; and iii) the district is the near unanimous choice of all responding parties.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Delaware are transferred to that district and, with the consent of that court, assigned to the Honorable Joseph J. Farnan, Jr., for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# SCHEDULE A

## MDL-1717 -- In re Intel Corp. Microprocessor Antitrust Litigation

### Northern District of California

*David E. Lipton, et al. v. Intel Corp.*, C.A. No. 3:05-2669
*Maria I. Prohias v. Intel Corp.*, C.A. No. 3:05-2699
*Ronald Konieczka v. Intel Corp.*, C.A. No. 3:05-2700
*Patricia M. Niehaus v. Intel Corp.*, C.A. No. 3:05-2720
*Steve J. Hamilton v. Intel Corp.*, C.A. No. 3:05-2721
*Michael Brauch, et al. v. Intel Corp.*, C.A. No. 3:05-2743
*Susan Baxley v. Intel Corp.*, C.A. No. 3:05-2758
*Huston Frazier, et al. v. Intel Corp.*, C.A. No. 3:05-2813
*Dwight E. Dickerson v. Intel Corp.*, C.A. No. 3:05-2818
*The Harman Press v. Intel Corp.*, C.A. No. 3:05-2823

### District of Delaware

*Advanced Micro Devices, Inc., et al. v. Intel Corp., et al.*, C.A. No. 1:05-441
*Jim Kidwell, et al. v. Intel Corp.*, C.A. No. 1:05-470
*Robert J. Rainwater, et al. v. Intel Corp.*, C.A. No. 1:05-473
*Matthew Kravitz, et al. v. Intel Corp.*, C.A. No. 1:05-476

FILED

JAN - 5 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE JUAN,                                          No. C 05-03271 MHP

                    Plaintiff(s),                   **ORDER**

        v.

INTEL CORPORATION,

                    Defendant(s).
_____/

     This matter having been stayed pending other proceedings, and there being no further reason at this time to maintain the file as an open one for statistical purposes, the Clerk is instructed to submit a JS-6 Form to the Administrative Office.

     Nothing contained in this minute entry shall be considered a dismissal or disposition of this action and, should further proceedings in this litigation become necessary or desirable, any party may initiate it in the same manner as if this entry had not been entered.

Dated: _____

                                       _____
                                       MARILYN HALL PATEL
                                       United States District Judge

United States District Court
For the Northern District of California

OFFICE OF THE CLERK
**UNITED STATES DISTRICT COURT**
DISTRICT OF DELAWARE

FILED

05 JAN 10 PM 12:47

Peter T. Dalleo
**CLERK**

LOCKBOX 18
844 NORTH KING STREET
BOGGS FEDERAL BUILDING
WILMINGTON, DELAWARE 19801
(302) 573-6170

December 29, 2005

Mr. Richard W. Wieking
Clerk, U.S. District Court
United States District Court
Phillip Burton
 United States Courthouse
450 Golden Gate Avenue, Box 36060
San Francisco, CA 94102-3434

> RE: **In Re Intel Corporation, Inc., Antitrust Litigation - MDL - 1717**
> CA 05-2830 (ND/CA) - **05-894 JJF (D/DE)**
> CA 05-2831 (ND/CA) - **05-895 JJF (D/DE)**
> CA 05-2834 (ND/CA) - **05-896 JJF (D/DE)**
> CA 05-2858 (ND/CA) - **05-897 JJF (D/DE)**
> CA 05-2859 (ND/CA) - **05-898 JJF (D/DE)**
> CA 05-2882 (ND/CA) - **05-899 JJF (D/DE)**
> CA 05-2897 (ND/CA) - **05-900 JJF (D/DE)**
> CA 05-2898 (ND/CA) - **05-901 JJF (D/DE)**
> CA 05-2916 (ND/CA) - **05-902 JJF (D/DE)**
> CA 05-2957 (ND/CA) - **05-903 JJF (D/DE)**
> CA 05-3028 (ND/CA) - **05-904 JJF (D/DE)**
> CA 05-3094 (ND/CA) - **05-905 JJF (D/DE)**
> CA 05-3197 (ND/CA) - **05-906 JJF (D/DE)**
> CA 05-3271 (ND/CA) - **05-907 JJF (D/DE)**
> CA 05-3272 (ND/CA) - **05-908 JJF (D/DE)**
> CA 05-3273 (ND/CA) - **05-909 JJF (D/DE)**
> CA 05-3277 (ND/CA) - **05-910 JJF (D/DE)**

Dear Mr. Wieking:

In accordance with 28 U.S.C. § 1407, enclosed is a certified copy of the *Conditional Order of Transfer* issued by the Judicial Panel on Multidistrict Litigation which references the above-captioned case in your District. Kindly forward the complete original file, together with a certified copy of the docket sheet, to the District of Delaware at the following address:

Clerk, U.S. District Court
Federal Building, Lockbox 18
844 N. King St.
Wilmington, DE 19801

    If our case file is maintained in electronic format in CM/ECF, please contact Elizabeth Strickler or Monica Mosley at 302-573-6170.

Sincerely,

Peter T. Dalleo, Clerk

By: __/s/_____

        Monica Mosley
        Deputy Clerk

Enc.
cc: Michael Beck, Clerk of Panel



A CERTIFIED TRUE COPY

DEC 2 2 2005

~~~~~

FILED
CLERK'S OFFICE

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC - 6 2005

FILED
CLERK'S OFFICE

*DOCKET NO. 1717*

## *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE INTEL CORP. MICROPROCESSOR ANTITRUST LITIGATION*

## *(SEE ATTACHED SCHEDULE)*

## *CONDITIONAL TRANSFER ORDER (CTO-1)*

On November 8, 2005, the Panel transferred ten civil actions to the United States District Court for the District of Delaware for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. With the consent of that court, all such actions have been assigned to the Honorable Joseph J. Farnan, Jr.

It appears that the actions on this conditional transfer order involve questions of fact which are common to the actions previously transferred to the District of Delaware and assigned to Judge Farnan.

Pursuant to Rule 7.4 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the District of Delaware for the reasons stated in the order of November 8, 2005, ___F.Supp.2d___ (J.P.M.L. 2005), and, with the consent of that court, assigned to the Honorable Joseph J. Farnan, Jr.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the District of Delaware. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

*Michael J. Beck*

Michael J. Beck
Clerk of the Panel

Inasmuch as no objection is
pending at this time, the
stay is lifted.

DEC 2 2 2005

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

## SCHEDULE CTO-1 - TAG-ALONG ACTIONS
### DOCKET NO. 1717
### IN RE INTEL CORP. MICROPROCESSOR ANTITRUST LITIGATION

**DIST. DIV. C.A. #**           **CASE CAPTION**

CALIFORNIA NORTHERN
CAN 3  05-2830          Shanghai 1930 Restaurant Partners, L.P. v. Intel Corp.
CAN 3  05-2831          Major League Softball, Inc. v. Intel Corp.
CAN 3  05-2834          Benjamin Allanoff v. Intel Corp.
CAN 3  05-2858          Law Offices of Laurel Stanley, et al. v. Intel Corp.
CAN 3  05-2859          Lazio Family Products v. Intel Corp.
CAN 3  05-2882          Ian Walker v. Intel Corp.
CAN 3  05-2897          Kevin Stoltz v. Intel Corp.
CAN 3  05-2898          Peter Jon Naigo v. Intel Corp.
CAN 3  05-2916          Patrick J. Hewson v. Intel Corp.
CAN 3  05-2957          Lawrence Lang v. Intel Corp.
CAN 3  05-3028          Trotter-Vogel Realty, Inc. v. Intel Corp.
CAN 3  05-3094          Karol Juskiewicz v. Intel Corp.
CAN 3  05-3197          Athan Uwakwe v. Intel Corp.
CAN 3  05-3271          Jose Juan v. Intel Corp.
CAN 3  05-3272          Dressed to Kill Custom Draperies LLC v. Intel Corp.
CAN 3  05-3273          Tracy Kinder v. Intel Corp.
CAN 3  05-3277          Edward Rush v. Intel Corp.

CALIFORNIA SOUTHERN
CAS 3  05-1507          Justin Suarez v. Intel Corp.

FLORIDA SOUTHERN
FLS 1  05-22262         Nathaniel Schwartz v. Intel Corp.

KANSAS
KS   6  05-1303         Marvin D. Chance, Jr. v. Intel Corp., et al. Opposed 12/21/05

TENNESSEE EASTERN
TNE 2  05-212           Andrew Armbrister, et al. v. Intel Corp.

TENNESSEE WESTERN
TNW 2  05-2605          Cory Wiles v. Intel Corp.

# INVOLVED COUNSEL LIST (CTO-1)
## DOCKET NO. 1717
## IN RE INTEL CORP. MICROPROCESSOR ANTITRUST LITIGATION

Mario N. Alioto
Trump, Alioto, Trump & Prescott
2280 Union Street
San Francisco, CA 94123

Daniel B. Allanoff
Meredith, Cohen, Greenfogel &
Skirnick, P.C.
117 South 17th Street
22nd Floor
Philadelphia, PA 19103

C. Donald Amamgbo
Amamgbo & Associates, PLC
1940 Embarcadero Cove
Oakland, CA 94606

Scott Ames
Serratore & Ames
9595 Wilshire Blvd.
Suite 201
Los Angeles, CA 90212

Russsell M. Aoki
Aoki Sakamoto Grant, LLP
One Convention Place, Suite 1525
701 Pike Street
Seattle, WA 98101

David Mark Balabanian
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111-4067

Gordon Ball
Ball & Scott
550 W. Main Avenue
Bank of America Center
Suite 750
Knoxville, TN 37902-2567

Steve W. Berman
Hagens Berman Sobol Shapiro, LLP
1301 Fifth Avenue
Suite 2900
Seattle, WA 98101

David Boies
Straus & Boies, LLP
4041 University Drive, 5th Floor
Fairfax, VA 22030

Craig C. Corbitt
Zelle, Hofmann, Voelbel, Mason &
Gette, LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104

Robert W. Coykendall
Morris, Laing, Evans, Brock &
Kennedy, Chtd.
Old Town Square
300 North Mead
Suite 200
Wichita, KS 67202-2722

Donald F. Drummond
Drummond & Associates
One California Street
Suite 300
San Francisco, CA 94111

Jef Feibelman
Burch, Porter & Johnson, PLLC
130 N. Court Ave.
Memphis, TN 38103

Nancy L. Fineman
Cotchett, Pitre, Simon & McCarthy
San Francisco Airport Office Center
Suite 200
840 Malcolm Road
Burlingame, CA 94010

Barbara C. Frankland
Gunderson, Sharp & Walke, L.L.P.
4121 West 83rd Street
Suite 256
Prairie Village, KS 66208

Joy K. Fuyuno
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111-4067

Harvey W. Gurland, Jr.
Duane Morris
200 South Biscayne Blvd.
Suite 3400
Miami, FL 33131

Lance A. Harke
Harke & Clasby LLP
155 South Miami Avenue
Suite 600
Miami, FL 33130

Christopher B. Hockett
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111-4067

Jeffrey F. Keller
Law Offices of Jeffrey F. Keller
425 Second Street
Suite 500
San Francisco, CA 94107

Michael L. Kirby
Post, Kirby, Noonan & Sweat
701 B Street
Suite 1100
San Diego, CA 92101-3302

Jerry W. Laughlin
Rogers, Laughlin, Nunnally, Hood &
Crum
100 South Main Street
Greenville, TN 37743

Michael P. Lehmann
Furth Firm, LLP
225 Bush Street
Suite 1500
San Francisco, CA 94104-4249

Ali Oromchian
Finkelstein, Thompson & Loughran
601 Montgomery Street
Suite 665
San Francisco, CA 94111

Joseph M. Patane
Law Offices of Joseph Patane
2280 Union Street
San Francisco, CA 94123

Donald L. Perelman
Fine, Kaplan & Black, RPC
1835 Market Street
28th Floor
Philadelphia, PA 19103

Juden Justice Reed
Schubert & Reed, LLP
Two Embarcadero Center, Suite 1050
San Francisco, CA 94111

Randy R. Renick
Law Offices of Randy Renick
128 North Fair Oaks Ave.
Suite 204
Pasadena, CA 91103

Richard A. Ripley
Bingham Mccutchen
1120 20th Street, N.W.
Suite 800
Washington, DC 20036

INVOLVED COUNSEL LIST (CTO-1) MDL-1717

R. Alexander Saveri
Saveri & Saveri, Inc.
111 Pine Street
Suite 1700
San Francisco, CA 94111-5630

Francis O. Scarpulla
Law Offices of Francis O. Scarpulla
44 Montgomery Street
Suite 3400
San Francisco, CA 94104

Reginald Von Terrell
Terrell Law Group
223 25th Street
Richmond, CA 94804

Douglas G. Thompson, Jr.
Finkelstein, Thompson & Loughran
1055 Thomas Jefferson Street, N.W.
Suite 601
Washington, DC 20007

B. J. Wade
Glassman, Edwards, Wade & Wyatt, P.C.
26 North Second Street
Memphis, TN 38103

Edward A. Wallace
Wexler Law Firm
One North LaSalle Street
Suite 2000
Chicago, IL 60602

INVOLVED JUDGES LIST (CTO-1)
DOCKET NO. 1717
IN RE INTEL CORP. MICROPROCESSOR ANTITRUST LITIGATION

Hon. J. Daniel Breen
U.S. District Judge
345 U.S. Courthouse
111 South Highland Avenue
Jackson, TN 38301

Hon. J. Ronnie Greer
U.S. District Judge
United States District Court
220 West Depot Street
Suite 405
Greeneville, TN 37743

~~Hon. J. Thomas Marten~~
~~U.S. District Judge~~
~~232 U.S. Courthouse~~
~~401 North Market St.~~
~~Wichita, KS 67202~~

Hon. Jose E. Martinez
U.S. District Judge
Federal Courthouse Square
Third Floor
301 North Miami Avenue
Miami, FL 33128

Hon. Marilyn Hall Patel
U.S. District Judge
Phillip Burton U.S. Courthouse
Box 36060
450 Golden Gate Avenue
San Francisco, CA 94102-3661

Hon. Thomas J. Whelan
U.S. District Judge
3155 Edward J. Schwartz U.S. Courthouse
940 Front Street, Suite 3155
San Diego, CA 92101

**INVOLVED CLERKS LIST (CTO-1)**
**DOCKET NO. 1717**
**IN RE INTEL CORP. MICROPROCESSOR ANTITRUST LITIGATION**

Clarence Maddox, Clerk
Federal Courthouse Square
301 North Miami Avenue
Miami, FL 33128-7788

Patricia L. McNutt, Clerk
U.S. Courthouse
101 Summer Street, West
Greeneville, TN 37743

~~Ralph L. DeLoach, Clerk~~
~~204 U.S. Courthouse~~
~~401 N. Market Street~~
~~Wichita, KS 67202~~

Richard W. Wieking, Clerk
400-S Ronald V. Dellums
Federal Building
1301 Clay Street
Oakland, CA 94612-5212

Richard W. Wieking, Clerk
Phillip Burton U.S. Courthouse
Box 36060
450 Golden Gate Avenue
San Francisco, CA 94102-3489

Thomas M. Gould, Clerk
242 Clifford Davis Federal Building
167 North Main Street
Memphis, TN 38103

W. Samuel Hamrick, Jr., Clerk
4290 Edward J. Schwartz Federal Building
880 Front Street
San Diego, CA 92101-8900

**UNITED STATES DISTRICT COURT**

**Northern District of California**

**450 Golden Gate Avenue**

**San Francisco, California 94102**

———————————

www.cand.uscourts.gov

Richard W. Wieking

Clerk

General Court Number

415.522.2000

January 11, 2006

United States District Court

for the District of Delaware

Lockbox 18

844 North King Street

Boggs Federal Building

Wilmington, Delaware 19801

RE:   **In Re Intel Corporation, Inc., Antitrust Litigation - MDL - 1717**

| | |
|---|---|
| CV 05-2830 MHP | **05-894 JJF (D/DE)** |
| CV 05-2831 MHP | **05-895 JJF (D/DE)** |
| CV 05-2834 MHP | **05-896 JJF (D/DE)** |
| CV 05-2858 MHP | **05-897 JJF (D/DE)** |
| CV 05-2859 MHP | **05-898 JJF (D/DE)** |
| CV 05-2882 MHP | **05-899 JJF (D/DE)** |
| CV 05-2897 MHP | **05-900 JJF (D/DE)** |
| CV 05-2898 MHP | **05-901 JJF (D/DE)** |
| CV 05-2916 MHP | **05-902 JJF (D/DE)** |
| CV 05-2957 MHP | **05-903 JJF (D/DE)** |
| CV 05-3028 MHP | **05-904 JJF (D/DE)** |
| CV 05-3094 MHP | **05-905 JJF (D/DE)** |
| CV 05-3197 MHP | **05-906 JJF (D/DE)** |
| CV 05-3271 MHP | **05-907 JJF (D/DE)** |
| CV 05-3272 MHP | **05-908 JJF (D/DE)** |
| CV 05-3273 MHP | **05-909 JJF (D/DE)** |
| CV 05-3277 MHP | **05-910 JJF (D/DE)** |

Dear Clerk,

Pursuant to an order transferring the above captioned cases to your court, transmitted herewith are:

(✔)   Certified copy of docket entries

(✔)   Certified copy of TRANSFERRAL ORDER

(✔)   Original case file documents

(✔)   Please be advised that the above entitled action was previously designated to the

Electronic Case Filing program. You can access electronically filed documents through PACER referencing the

Northern District of California case number at https://ecf.cand.uscourts.gov

Please acknowledge receipt of the above documents on the attached copy of this letter.

Sincerely,
RICHARD W. WIEKING, Clerk

by:  Gina Agustine-Rivas
Case Systems Administrator


Enclosures
Copies to counsel of record